OR<sup></sup>

MATTHEW H. MEAD,
United States Attorney
NICHOLAS VASSALLO,
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 1 9 2007

Stephan Harris. Clerk
Cheyenne

MICHAEL G. PITMAN (*Pro Hac Vice* Pending)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone (202) 305-7938
Facsimile (202) 307-0054

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

United States of America,

    Plaintiff,

          v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust;  & Newport Pacific Trust Co., Ltd.;

    Defendants.

Civil No. **07 C V  0 1 9**-β

## COMPLAINT

1.     This is a civil action brought by the United States of America to reduce to judgment
federal tax assessments against Defendant Jane Joyce Rice ("Jane Rice") and to foreclose federal
tax liens against the property described below.

2.     This action is brought at the direction of the Attorney General of the United States of
America and at the request and with the authorization of the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3.   The Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4.   Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1396 because Jane Rice resides in this judicial district in the County of Sheridan, and the real property which the United States of America seeks to foreclose is located in this judicial district.

## DEFENDANTS

5.   Jane Rice resides at 9 Pleasant Valley Drive, Sheridan, Wyoming, 82801-9735, within this judicial district.

6.   Defendant Water Garden, Inc. ("Water Garden"), is a nominee, alter ego, and/or transferee of Jane Rice. Water Garden is named as a defendant because it may claim an interest in the property which is the subject of this action.

7.   Defendant Perpetual Legacy Corp. ("Perpetual Legacy"), is a nominee, alter ego, and/or transferee of Jane Rice. Perpetual Legacy is named as a defendant because it may claim an interest in the property which is the subject of this action.

8.   Defendant Carte Blanche Trust ("Carte Blanche"), is a nominee, alter ego, and/or transferee of Jane Rice. Carte Blanche is named as a defendant because it may claim an interest in the property which is the subject of this action.

9. Defendant Newport Pacific Trust Co., Ltd. ("Newport Pacific"), is a nominee, alter ego, and/or transferee of Jane Rice. Newport Pacific is named as a defendant because it may claim an interest in the property which is the subject of this action.

## SUBJECT PROPERTY

10. The first property at issue in this action is the principal residence of Jane Rice located at 9 Pleasant Valley Drive, Sheridan, Wyoming, 82801-9735, which is more particularly described as follows:

Lot 3, Pleasant Valley Subdivision, a subdivision in Sheridan county, Wyoming, as recorded in Book 1 of Plats, Page 204, having a street address of 9 Pleasant Valley Drive, Sheridan, Wyoming, 82801.

Jane Rice acquired this property as its sole owner on May 11, 1995, by warranty deed from Vic Albee and Elva Albee. Jane Rice purportedly transferred this property to Water Garden on December 31, 1996, by warranty deed. According to the deed, the consideration paid for this purported transfer was ten dollars.

11. The second property at issue in this action is Jane Rice's royalty interest in mineral rights which is more particularly described as follows:

An approximate 1% mineral rights royalty interest in 1,356.25 acres in Sheridan County, Wyoming.

Jane Rice acquired this property on January 25, 1982, by royalty deed from William J. Eisele. Jane Rice purportedly transferred this property to Perpetual Legacy on November 8, 2000, by royalty deed. According to the deed, the consideration paid for this purported transfer was ten dollars.

- 3 -

12. The third property at issue in this action is Jane Rice's undivided one-half interest in a 118.32 acre parcel of unimproved ranch land, titled in the name of Jane Rice, which is more particularly described as follows:

> An undivided one-half interest in Lot 1 and NE¼NW¼ and NW¼NE¼ of Section 30, T56N, R84W of the 6th P.M., containing 118.32 acres more or less, County of Sheridan, State of Wyoming.

13. The fourth property at issue in this action is Jane Rice's personal motor vehicle which is more particularly described as follows:

> A 1997 GMC Pickup Truck, VIN #: 1GTEK19R8VE507584.

Jane Rice's personal motor vehicle is titled in the name of Carte Blanche.

## Count I: Action to Reduce Assessments to Judgment

14. The United States of America realleges and incorporates the allegations contained in paragraphs 1 through 13, above, as if fully set forth herein.

15. On the dates indicated below, a delegate of the Secretary of the Treasury made assessments against Jane Rice for unpaid federal income tax, penalties, interest, and other statutory additions in the amounts and for the periods indicated:

| $\underline{TAX}$ $\underline{YEAR}$ | ASSESSMENT DATE | $\underline{TAX}$ ASSESSED | PENALTIES[1] & FEES | INTEREST[2] | (CREDITS)[3] | TOTAL |
|---|---|---|---|---|---|---|
| 1995 | 4/30/01 | $127,391.00 | $6,7049.98 | $163,614.23 | ($20,713.79) | $337,341.32 |
| 1996 | 4/23/01 | $266,024.00 | $140,565.63 | $318,159.13 | ($452.40) | $724,296.36 |

$1,061,637.68

---

[1] Penalties under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654 were assessed for both relevant tax years.
[2] As of 7/3/06.
[3] The credits consist of withholding credits, estimated tax payments, and payments received from a continuing levy on Jane Rice's social security benefits.

16. Proper notice and demand for payment of the assessments set forth in paragraph 15 above, has been made on Jane Rice.

17. Despite timely notice and demand for payment of the assessments described above, Jane Rice has neglected or refused to fully pay these assessments which remain due and owing as of July 3, 2006, an unpaid balance of $1,061,637.68, plus statutory interest and other additions allowed by law.

## Count II: Action to Foreclose Federal Tax Liens

18. The United States of America realleges and incorporates the allegations contained in paragraphs 1 through 17, above, as if fully set forth herein.

19. By virtue of such assessments and the failure of Jane Rice to pay such assessed liabilities, pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax liabilities have arisen against and attached to all property and rights to property of Jane Rice, including without limitation the Subject Property.

20. A Notice of Federal Tax Lien was filed with the Sheridan County Clerk & Recorder, in Sheridan, Wyoming on January 13, 2003, concerning Jane Rice's federal tax liabilities.

21. Water Garden's apparent property interest in the Subject Property is in actuality held by Water Garden solely for the benefit of Jane Rice, and Jane Rice is the true owner of the Subject Property. Accordingly, Water Garden is the nominee of Jane Rice, and Water Garden has no right, title, or interest in the Subject Property, except as the nominee of Jane Rice.

22. In the alternative, Water Garden and Jane Rice share such a unity of interest that their personalities are no longer separate, and the observance of the fiction of their separate existence would promote fraud or injustice. Accordingly, Water Garden is the alter ego of Jane Rice, and

Water Garden has no right, title, or interest in the Subject Property, except as the alter ego of Jane Rice.

23.   In the alternative, Jane Rice entered into the purported transfer of Subject Property to Water Garden, as described above, with the actual intent to hinder, delay or defraud her legitimate creditors, including the United States of America, and without receiving a reasonably equivalent value in exchange.   Because such purported transfer of property by Jane Rice was fraudulent under Wyoming's Uniform Fraudulent Transfer Act, Wyo. Stat. Ann. §§ 34-14-201 — 34-14-212 ("WUFTA"), it should be set aside, and Jane Rice should be recognized as the true owner of the Subject Property.

24.   A Notice of Federal Tax Lien was filed with the Sheridan County Clerk & Recorder, in Sheridan, Wyoming on February 20, 2003, concerning Water Garden's status as nominee and/or transferee of Jane Rice.

25.   Perpetual Legacy's apparent property interest in the Subject Property is in actuality held by Perpetual Legacy solely for the benefit of Jane Rice, and Jane Rice is the true owner of the Subject Property.   Accordingly, Perpetual Legacy is the nominee of Jane Rice, and Perpetual Legacy has no right, title, or interest in the Subject Property, except as the nominee of Jane Rice.

26.   In the alternative, Perpetual Legacy and Jane Rice share such a unity of interest that their personalities are no longer separate, and the observance of the fiction of their separate existence would promote fraud or injustice.   Accordingly, Perpetual Legacy is the alter ego of Jane Rice, and Perpetual Legacy has no right, title, or interest in the Subject Property, except as the alter ego of Jane Rice.

27. In the alternative, Jane Rice entered into the purported transfer of Subject Property to Perpetual Legacy, as described above, with the actual intent to hinder, delay or defraud her legitimate creditors, including the United States of America, and without receiving a reasonably equivalent value in exchange. Because such purported transfer of property by Jane Rice was fraudulent under WUFTA, it should be set aside, and Jane Rice should be recognized as the true owner of the Subject Property.

28. A Notice of Federal Tax Lien was filed with the Sheridan County Clerk & Recorder, in Sheridan, Wyoming on February 20, 2003, concerning Perpetual Legacy's status as nominee and/or transferee of Jane Rice.

29. Carte Blanche's apparent property interest in the Subject Property is in actuality held by Carte Blanche solely for the benefit of Jane Rice, and Jane Rice is the true owner of the Subject Property. Accordingly, Carte Blanche is the nominee of Jane Rice, and Carte Blanche has no right, title, or interest in the Subject Property, except as the nominee of Jane Rice.

30. In the alternative, Carte Blanche and Jane Rice share such a unity of interest that their personalities are no longer separate, and the observance of the fiction of their separate existence would promote fraud or injustice. Accordingly, Carte Blanche is the alter ego of Jane Rice, and Carte Blanche has no right, title, or interest in the Subject Property, except as the alter ego of Jane Rice.

31. In the alternative, Jane Rice entered into a purported transfer of Subject Property to Carte Blanche with the actual intent to hinder, delay or defraud her legitimate creditors, including the United States of America, and without receiving a reasonably equivalent value in exchange. Because such purported transfer of property by Jane Rice was fraudulent under

WUFTA, it should be set aside, and Jane Rice should be recognized as the true owner of the Subject Property.

32. Newport Pacific holds property solely for the benefit of Jane Rice, and Jane Rice is the true owner of said property. Accordingly, Newport Pacific is the nominee of Jane Rice, and Newport Pacific has no right, title, or interest in the held property, except as the nominee of Jane Rice.

33. In the alternative, Newport Pacific and Jane Rice share such a unity of interest that their personalities are no longer separate, and the observance of the fiction of their separate existence would promote fraud or injustice. Accordingly, Newport Pacific is the alter ego of Jane Rice, and Newport Pacific has no right, title, or interest in the Subject Property, except as the alter ego of Jane Rice.

34. In the alternative, Jane Rice entered into a purported transfer of property to Newport Pacific with the actual intent to hinder, delay or defraud her legitimate creditors, including the United States of America, and without receiving a reasonably equivalent value in exchange. Because such purported transfer of property by Jane Rice was fraudulent under WUFTA, it should be set aside, and Jane Rice should be recognized as the true owner of the transferred property.

35. The unpaid balances of the assessments described above are therefore secured by federal tax liens on all the property and rights to property of Jane Rice, and all the property and rights to property held in the name of any individual or entity, or purportedly owned or controlled by any individual or entity, as nominee, alter ego, and/or transferee of Jane Rice.

- 8 -

36. The United States is entitled to foreclose its federal tax liens upon the property and rights described above and to receive the proceeds from the sale of the property to be applied towards satisfaction of the outstanding and unpaid tax assessments against Jane Rice.

WHEREFORE, the United States of America requests entry of judgment in its favor as follows:

(a) That the Court enter Judgment against Jane Rice and in favor of the United States of America in the amount of $1,061,637.68, plus statutory interest and other additions accruing according to law;

(b) That the Court order that the United States of America has valid and subsisting liens by virtue of the assessments set forth above on all property and rights to property belonging to Jane Rice, including her interest in the Subject Property;

(c) That the Court order that Water Garden, Perpetual Legacy, Carte Blanche, and Newport Pacific are nominees of Jane Rice with regard to the Subject Property and hold interest in those properties solely for the benefit of Jane Rice, and that Jane Rice is the true owner of the Subject Property;

(d) That the Court order that Water Garden, Perpetual Legacy, Carte Blanche, and Newport Pacific are alter egos of Jane Rice, and have no right, title, or interest in the Subject Property, except as alter egos of Jane Rice;

(e) That the Court order that the purported transfers of Subject Property as described above are void under WUFTA because they were made with the actual intent to hinder, delay or defraud the legitimate creditors of Jane Rice, including the United States of America, and without an exchange of reasonably equivalent value;

- 9 -

(f)     That the Court order that the federal tax liens against the Defendants be foreclosed upon Jane Rice's interest in the Subject Property, that the Subject Property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties; and

(g)     That the United States of America be awarded its costs and such other and further relief as is just and proper.

Dated: January /9th, 2007

MATTHEW H. MEAD,
United States Attorney

NICHOLAS VASSALLO
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003
Telephone: (307) 772-2124

MICHAEL G. PITMAN (*Pro Hac Vice* Pending)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 305-7938
Facsimile: (202) 307-0054
Michael.G.Pitman@USDOJ.gov