Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming 82801

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| **United States of America,** | **VERIFIED MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS** |
| **Plaintiff,** | |
| | Civil No. 07CV019-B |
| v. | |
| Jane Joyce Rice; Water Garden, Inc.; Perpetual Legacy Corp.; Carte Blanche Trust; & Newport Pacific Trust Co, Ltd; | |
| **Defendants,** | |

State of Wyoming   )
                  ) *ss*
County of Sheridan )

I, Jane Joyce Rice, qualifying my appearance as special rather than general so as to avoid any appearance of stipulation to implications, inferences, innuendoes or presumptions of consent to acceptance or validity to the sufficiency of process, service of process and the bringing of this action, or consent or acceptance to any implied waiver of venue or jurisdiction, hereby challenge the sufficiency of service of process and service of process for want of standing and capacity of the Plaintiff United States of America to bring this action against me for want of capacity, want of jurisdiction and improper venue, and for fraud on the court, and move this court to quash the service of the summons and dismiss the complaint.

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

1

**Notice of Foreign Law**

I hereby give notice of the foreign law of the State of Wyoming, of conflict of the legislative jurisdictions of the United States and of the State of Wyoming, and of comity.

## Notice of Character, Capacity, and Status

1. This motion is brought under FRCP Rule 12(b) *et seq.*
2. This court lacks jurisdiction over me.
    a. The underlying source of jurisdiction under which this case is brought pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, appear to be Article IV, Section 3, clause 2, providing that Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States. Other property would include "U.S. citizens," as they are "subjects" and creatures of Congress under the legislative jurisdiction of the 14th amendment. *Hennessay v. Richardson Drug Co.* 189 US 25, 23 S. Ct. 532, 47 L. Ed 697
    b. I am not property belonging to or of the United States. I was not born in the United States and subject to its jurisdiction. I am <u>not</u> a "citizen" of the United States or U.S. Citizen as contemplated by 26 C.F.R. § 1.1-1(c), or by the fourteenth amendment to the Constitution of the United States. I am and have always been a Wyoming Citizen.

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

2

    c. At no time in my life have I ever resided in the District of Columbia, a federal territory, or possession of the United States or a federal enclave subject to the exclusive legislative jurisdiction of the United States.

    d. At no time in my life have I ever derived income from a constitutional source subject to the exclusive legislative jurisdiction of the Congress of the United States.

    e. Given my status, character, capacity, and life long location, the Plaintiff lacks the legislative jurisdiction to impose a tax on my life, liberty or personal revenues or to foreclose on my property.

3. This court lacks jurisdiction over the subject matter.

    a. This Plaintiff lacks the exclusive legislative jurisdiction to prosecute this claim.

        i. 28 U.S.C. 1345 relied on by the Plaintiff as a source of jurisdiction in this court provides that the district court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States or any officer thereof expressly authorized to sue by Act of Congress.

        ii. Jurisdiction under 28 U.S.C. § 1345 presumes exclusive legislative jurisdiction over the subject matter.

        iii. The exclusive legislative jurisdiction of the United States is limited to constitutionally defined and limited venues.

        iv. The sources of my revenues for the years of concern in the complaint were not U.S. constitutional sources within U.S. constitutional venues subject to

United States of America v. Jane Joyce Rice  
Civil No. 07CV019-B  
Motion to Quash and Dismiss

3

    the exclusive legislative jurisdiction of the Congress of the United States, but rather sources subject to the exclusive legislative jurisdiction of the state of Wyoming. See 40 U.S.C. § 3112(b)&(c)

  v. This court lacks jurisdiction to grant the requested relief in paragraphs (c)-(f) as the properties of concern are not within a federal territory, enclave or other venue, the jurisdiction of which has been seceded by the State of Wyoming to the United States. Rather, the said properties are within the state of Wyoming and subject to its exclusive legislative jurisdiction.

4. Improper venue.

 a. The venue of this case is improper. The property of concern in the complaint is not subject to the exclusive legislative jurisdiction of the United States within a federal territory, property, or enclave within the state of Wyoming, and is therefore not within the venue of this court.

5. Insufficiency of process.

 a. Process was not served within the federal district of Wyoming, but rather within the state of Wyoming. The service of process raises inferences, implications, and presumptions that I am located within and was served within the exclusive legislative jurisdiction of the United States and that the U.S. attorneys litigating this case have the capacity to bring me under such legislative venue by service of process outside the district of Wyoming. I object to and challenge these

United States of America v. Jane Joyce Rice  
Civil No. 07CV019-B  
Motion to Quash and Dismiss

4

inferences, implications, and presumptions and do not accept or consent to the sufficiency of process.

6. For reasons herein provided and briefed in the accompanying memorandum, included herein as though set forth fully, the complaint fails to state a claim upon which relief can be granted.

7. The United States of America is not the real party in interest and lacks the capacity and standing to sue. The real party in interest is the United States who lacks both personal jurisdiction over the Defendant and legislative jurisdiction over the subject matter.

   a. FRCP Rule 17(a) provides "that [e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

   b. Inasmuch as the authority purportedly relied on by U.S. Attorneys Matthew H. Mead and Nicholas Vassallo to bring this action are 26 U.S.C. §§7401 and 7403, and the authorization of the Chief Counsel of the Internal Revenue Service, statutes and offices of the United States as distinguished from laws and agencies of the United States of America, FRCP 17(a) requires the action "to be brought in the name of the United States."

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

5

Wherefore, Jane Joyce Rice requests this court to quash the service of process and dismiss this complaint with prejudice, and to award her the costs incurred for preparing this motion.

## VERIFICATION

I, Jane Joyce Rice, declare that I am competent to testify and have personal knowledge of the facts contained in this motion and declare them to be true to the best of my knowledge and belief.

Dated March 20, 2007

*Jane Joyce Rice*
Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming 82801

Subscribed and sworn before me this 20th day of March, 2007.

*Tanya Engfer*    10-24-2009
Notary            My commission expires

TANYA ENGFER - NOTARY PUBLIC
County of Sheridan
State of Wyoming
My Commission Expires October 24, 2009

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

7