Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming 82801

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 2 8 2007

Stephan Harris, Clerk
Cheyenne

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust; & Newport Pacific Trust Co, Ltd;

Defendants,

MEMORANDUM IN SUPPORT
OF MOTION TO QUASH
SERVICE OF PROCESS AND
MOTION TO DISMISS

Civil No. 07CV019-B

Jane Joyce Rice tenders this memorandum in support of her motion to quash the summons and to dismiss the complaint.

> "A reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified in the statutes as a person liable for the tax without an opportunity for judicial review of this status before the appellation of 'taxpayer' is bestowed upon them and their property is seized..." *Botta v. Scanlon*, 288 F.2d. 504, 508 (1961)

**DISTINGUISHING CHARACTERS AND CAPACITIES**

> "The idea prevails with some, indeed it has found expression in arguments at the bar, that we have in this country substantially two national governments; one to be maintained under the Constitution, with all of its restrictions; the other to be maintained by Congress outside and independently of that instrument, by exercising such powers [of absolutism] as other nations of the earth are accustomed to...I take leave to say that, if the principles thus announced should ever receive the sanction of a majority of this court, a radical and mischievous change in our system of government will result. We will, in that event, pass from the era of constitutional liberty guarded and protected by a written constitution into an era of legislative absolutism. It will be an evil day for

American liberty if the theory of a government outside the supreme law of the land finds lodgment in our constitutional jurisprudence. No higher duty rests upon this court than to exert its full authority to prevent all violation of the principles of the Constitution." *Downes v. Bidwell*, 182 U.S. 244 (1901), Judge Harlan dissenting opinion

For purposes of this motion Congress will be distinguished in two of its different characters and capacities, and this memorandum will draw the line between these natures, both under which Congress may legislate, and the President and executive departments may execute and administer such legislation, but only within the appropriate venues and spheres of power. Each separate capacity exercises the respective powers for dissimilar ends. The first power is a limited "fiduciary" power, granted collectively by the fifty States, each of which enjoy a star on the national flag, to provide for the general welfare of those States. The second power is plenary, not unlike that of the British Parliament, over the District of Columbia, the "seat" of the government, as well as the property, territories, and possessions of the United States of America.

This memorandum will demonstrate that although by the caption this action appears to be brought by the United States of America in the constitutional capacity of the former described above, the action is actually brought by the latter, the United States, under its plenary jurisdiction. This memorandum will also demonstrate that the taxing authority the United States is attempting to impose on the Defendant Jane Rice and her revenue is based in the fraudulent attempt to transgress the boundaries of its power and bring both her and her property under the taxing authority of the latter, and away from the protection to which she is otherwise entitled to as a matter of law and right.

**Definitions**

1.  The term "Sovereign" or "Sovereignty" means the supreme, absolute, and uncontrollable power by which any independent state is governed; supreme political authority. Blk's Law Dict. 6th Ed. Wyoming is a sovereign state.

2.  The "United States of America" is the name used in Article 1 of the Articles of Confederation to identify the States and Commonwealths united thereunder. The term "United States of America" means the principal fifty Commonwealths and States occupying portions of the territory on the North American continent united under the constitution for the United States of America.

3.  In *Hooven & Allison Co. v. Evatt, U.S. Ohio*, 324 U.S. 652, 65 S.Ct. 870, 880, 89 L.Ed. 1252 (*See also* Blk's Law Dict, 6th Ed) the term "United States" is described as having several meanings, its relative meaning being subtly identified by the context of its use. 1) It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in the family of nations; 2) it may designate territory over which the sovereignty of United States extends; or 3) it may be the collective name of the states united by and under the Constitution. This memorandum will distinguish the relative meaning of the term "United States" accordingly by marking the term with superscript: [1], [2] or [3].

It is important to take particular note of the elements in the definitions in the preceding paragraph distinguishing the territory of the United States[2] from the states united by and under the constitution, in that the two are NOT joined under the title of "United States," and neither are the latter two definitions joined. It is the position of the Defendant that when all three capacities are joined, this defines the United States of America.

By these definitions it could be said that the president represents the United States[1] [of America] in foreign affairs through treaties, Congress represents the United States[2] in Territories and Possessions with Rules and Regulations, and the state citizens within the respective body politics of States are, collectively, the sovereign body politic of the United States[3] [of America] united by and under the Constitution.  Once familiar with these important distinctions, it becomes clear that in the Internal Revenue Code, Section 7701(a)(9), the term "United States" is defined in the second of these senses, designating the territory over which the sovereignty of the United States[2] extends.  It is in this sovereign capacity in which I contend the United States[2], is the real party in interest, acting through the Department of the Treasury.

> 26 U.S.C. 7701(a)(9) The term "United States" when used in a geographical sense includes only the States and the District of Columbia.

The following are other examples found in the Internal Revenue Code and corresponding regulations defining the terms "United States" and "State" depending on the capacity necessary for the imposition of the relative provisions of the code.

> 26 U.S.C. 7701(a)(10) The term "State" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title.

> 26 CFR 1.911-2(g) United States when used in a geographical sense includes any territory under the sovereignty of the United States.  It includes the states, the District of Columbia, the possessions and territories of the United States, the territorial waters of the United States, the air space over the United States, and the seabed and subsoil of those submarine areas which are adjacent to the territorial waters of the United States and over which the United States has exclusive rights, in accordance with international law, with respect to the exploration and exploitation of natural resources.

> 26 USC 4612(a)(4)(A) In General. -- The term "United States" means the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, any possession of the United States, the Commonwealth of the Northern Mariana Islands, and the Trust Territory of the Pacific Islands.

> 26 USC 6103(b)(5) State -- The term "State" means -- (A) any of the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Canal Zone, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands.
>
> 26 USC 3306(j)(2): For purposes of this chapter The term "United States" when used in a geographical sense includes the States, the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands.

It is the position of the Defendant that the real party in interest in this case is the United States[2] as distinguished from the United States of America, the distinction being critical as to the scope of the legitimate power Congress may exercise in legislating for each respective capacity.

The Defendant contends that the taxing power of the United States[2] is different from the taxing power of the United States of America, the former being limited to exclusive legislative jurisdiction over the District of Columbia, property, such as federal enclaves and persons owing their citizenship to the fourteenth amendment, and territories such as Guam, Puerto Rico, and the Virgin Islands. It is in this capacity the Defendant contends the real party in interest is the United States[2].

**Scope and Purview of the Exclusive Legislative Jurisdiction of the United States[2]**

The constitutional authority to exercise exclusive legislative jurisdiction over the District of Columbia, derived from and limited by Article 1, Section 8, Clause 17 of the U.S. Constitution. By virtue of this exclusive authority vested in Congress by this clause, Congress shall have the power:

> To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States[2], and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;

The power of Congress to exercise exclusive legislative authority over its territories and possessions, as distinct from the District of Columbia and the federal enclaves, is given by a different authority in the U.S. Constitution. This authority is Article 4, Section 3, Clause 2, as follows:

> The Congress shall have Power to dispose of and make all needed Rules and Regulations respecting the Territory or other Property belonging to the United States;

The Defendant has taken the position that among this property are U.S. citizens, a capacity dependant upon, 1) birth in the United States and 2) subject to the exclusive legislative jurisdiction of the United States[2]. Compare 26 CFR 1.1-1[1]. It is the Defendants position that it is the status of "citizenship" itself which is the property, a privilege granted by the United States[2] under amendments adopted under the reconstruction acts under which a new class of citizenship was created subject to the plenary power of the United States[2].

Within these areas and over this property Congress is not subject to the same constitutional limitations restricting its power in the areas of land over which the 50 States exercise their respective sovereign authorities:

> [T]he United States[2] may acquire territory by conquest or by treaty, and may govern it through the exercise of the power of Congress conferred by Section 3 of Article IV of the Constitution.... In exercising this power, Congress is not subject to the same constitutional limitations, as when it is legislating for the United States[3]. ... And in general the guaranties of the Constitution, save as they are limitations upon the exercise of executive and legislative power when exerted for or over our insular possessions, extend to them only as Congress, in the exercise of its legislative power over territory belonging to the United States[2], has made those guaranties applicable. **Hooven & Allison Co. vs. Evatt, 324 U.S. 652 (1945)**

---

[1] "Every person born or naturalized in the United States, and subject to *its* jurisdiction" 26 CFR 1.1-1 [Emphasis added]

## The Limits of Power of the Secretary the Treasury

The Secretary of the Treasury, a statutory delegate of Congress, is aligned and limited in the exercise of its power to the same scope and purview of Congressional exclusive legislative jurisdiction, the extent of which is limited to either the subject matter over which, or federal venue within which, the powers of Congress extend. Territory within Wyoming can only come under the jurisdiction of the Secretary of the Treasury if the land is "ceded" to the United States[2] by an act of the Wyoming legislature, and if that jurisdiction was accepted by the United States[2].

> 40 U.S.C. § 3112(b) **Acquisition and Acceptance of Jurisdiction.** — When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.
>
> 40 U.S.C. § 3112 (c) **Presumption.** — It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.
>
> Wyoming Statutes Annotated ("WSA") § 36-10-101 "[t]he United States shall be and is authorized to acquire by purchase or condemnation or otherwise, any land in this state required for public buildings, custom houses, arsenals, national cemeteries, or other purposes essential to the national defense in necessary use of said land by armed naval, air or land forces, or land to be physically occupied by the Boysen Dam, its reservoir, power plant and distribution systems, or lands to be physically occupied by dams, reservoirs, power plants and distribution systems in United States reclamation service projects, and the state of Wyoming hereby consents thereto, provided that the mineral content of lands so acquired, if owners thereof so elect, shall be reserved to such owners."
>
> WSA § 36-10-102 "the jurisdiction of the state of Wyoming in and over any land so acquired by the United States shall be, and the same is hereby ceded to the United States, but the jurisdiction so ceded shall continue no longer than the said United States shall own the said land."

## STATUS AND CHARACTER OF DEFENDANT

**Defendant Is Not A "Citizen Or Resident Of The United States[2]" As Contemplated By The IRC.**

When reading the various acts of Congress and regulations of the Department of the Treasury declaring various individuals to be "citizens of the United States," it becomes apparent that many individuals are simply declared to be "citizens of the United States" while others are declared to be "citizens of the United States, subject to the jurisdiction of the United States." Compare 26 CFR § 1.1-1 ("subject to its jurisdiction"), and the 14th Amendment to the U.S. Constitution ("subject to the jurisdiction thereof"). The difference is that the first citizen class arises when that person, though born in one of the fifty united States, is born outside the exclusive legislative, territorial jurisdiction of the United States[2]. 3A Am Jur 1420, Aliens and Citizens, explains: "A Person is born subject to the jurisdiction of the United States[2], for purposes of acquiring citizenship at birth, if his birth occurs in a territory over which the United States[2] is sovereign.

"The Defendant maintains that she is a de jure "Citizen," a member of the organic sovereignty specifically distinguished in *Dred Scott v. Sanford* 60 U.S. 393, 15 L.Ed 691, (1856) wherein it was explained that, "The words people of the United States and "citizens" are synonymous terms, and mean the same thing. They both describe the political body who, according to our republican institutions, form the sovereignty, and who hold the power and conduct the government through their representatives. They are what we familiarly call the "sovereign people" and every Citizen is one of these people, and a constituent member of this sovereignty." *Dred Scott v. Sanford*, id.

The question, therefore, for the purpose of the imposition of the income tax under Section one of the Code is whether the tax can be lawfully imposed outside the venue of

the political community defined by 26 C.F.R. § 1.1-1(c); the political community of the United States[2)] subject to <u>its</u> jurisdiction.

Section 1 of Subtitle A of the Code is the section imposing a tax upon the taxable income of individuals. The imposition of this tax is a constructive act creating the liability requiring an individual to file a federal income tax return under the provisions of § 6012 of the Code. 26 C.F.R. §1.1-1(c), defines the individual *who is a citizen* upon whose income a tax liability is imposed under Section 1 of the Code as being "[e]very person born in the United States and subject to <u>its</u> jurisdiction is a citizen." [Emphasis added]. Hence, pursuant to law, an individual, for the purposes of the income tax imposed by Section 1 of the Code and the filing requirement under section 6012 of the Code, must be: 1) a resident of the United States[2)], or 2) a person born in the United States[2)] *and* subject to <u>its</u> jurisdiction. To arbitrarily impose a tax upon the property of someone who is not an individual "citizen" or "resident" of the United States[2)] is an ultra vires act and void.

**The People Are Sovereign; Defendant is a Member Of that Citizen Community**

Fundamental constitutional law provides that the government's right to exercise Power is endowed in the People by the Creator[2]. The People are the sovereign[3] body politic, who convey power to government by constitutional grant. This fundamental principle of sovereignty is best explained in the book, *The Constitution of the United States, A Critical Discussion of its Genesis, Development, and Interpretation* (Callaghan

---

[2]Declaration of Independence

[3]See the preambles of all constitutions of the several united States

& Co. 1899), written by the late John Randolph Tucker, LL.D., Professor of Constitutional law, International Law and Equity at Washington and Lee University:

> "The body politic holds the sovereignty and gives power to government. The body politic is creator: the government its creature; the Body Politic is principal: the government its agent; the Body Politic is master: the government its servant; the body politic is the dejure sovereign; the representative body politic is the de facto sovereign. The government, as agent, derives all the authority it has, for it has no original authority, directly from the real Body politic, though indirectly from the representative body politic [voters]. The body politic is sovereignty with original powers; government is not sovereignty, for it has no original powers, but only those derived from its sovereign.

The Constitution, Tucker, *supra.*, § 52

This position is consistent with the opinions in *Dred Scott v. Sanford*, 19 How 393 (1857), *U.S. v. Cruikshank*, 92 U.S. 588, and 43 California 43,47 (1872); *Slaughter House Cases* 83 U.S. 36. Ultimately, sovereignty is an attribute inherent in the Creator. The People, endowed with unalienable rights by the Creator, both individually and collectively, are Citizens of the sovereign political community of the Creator, but only inasmuch as power is rightfully vested in them by the Creator. As in the family unit, "power over children is Divinely vested, and is not autocratic: -- it is derived from the Creator, and is not original . . . and is only rightful when it is limited to the purpose of preserving the liberty of its members in the self-use of their respective faculties under their separate and exclusive responsibility to the Creator." The Constitution, Tucker, supra § 16. In an analogous way,

> "The body politic is the means Divinely ordained to secure the inalienable rights of men, and is only legitimate when it promotes and is not destructive of these ends. This fixes the true relation between man and the Body-politic. It was made for his good; he was not made for its benefit. Magistrates are the trustees and servants of the people; and men can never be jurally deprived of their essential liberties by the power of government.[4]

---

[4] Va. Bill of rights, Arts. 1, 2, 3; Preamble to Const. of Mass., 1780. See like declarations in other state charters and Constitution of the United States.

> Political power and man-right stand related as trustee and beneficiary --
> not as master and subject. Creator delegated the power to govern, but he
> vested the right in man. This right is primal and essential; the power is
> secondary and auxiliary. The right is the end; the power is the means to
> secure it."

The Constitution, Tucker, *supra.*, § 18

The vestment of Citizenship, or sovereignty, endowed in the People by the Creator is different from the *power* and citizenship which is exercised by and derived from Government. In *Yick Wo v. Hopkins*, 118 U.S. 356, 370, the Honorable Justice Matthews wrote that while sovereign power is granted to government, "[S]overeignty itself remains with the people, by whom and for whom all government exists and acts." Although having granted power to the government to act by the constitution, the people retain the sovereignty inherently vested in them by an even higher power.

**The Sovereign State of Wyoming**

Wyoming is a sovereign state, the supreme political power of which is inherent in the people and vested in the legislature of the State of Wyoming through Article 3 § 1 of the constitution for the State of Wyoming. Whereas the people of Wyoming have not ceded any of its sovereign power to the United States other than the specifically limited grant through the Constitution for the United States of America, the United States[2] is not sovereign over the state of Wyoming.

> "The powers not delegated to the United States by the Constitution, nor
> prohibited by it to the States, are reserved to the States respectively, or to
> the people." Article X in amendment to the Constitution for the United
> States of America.

Whereas the state of Wyoming is a territory under the sovereignty of the People of Wyoming who have delegated the legislative power to the State of Wyoming, a jurisdiction other than that of the United States[2], Wyoming appears to be a foreign jurisdiction relative to the scope of the purpose of 26 CFR § 1.911-2(h) defining a

"foreign country" as "any territory under the sovereignty of a government other than that of the United States," and "United States" to "include[] any territory under the sovereignty of the United States[,]" including its "possessions and territories," *id.* § 1.911-2(g). Under the original intent of the framers of the constitution, the United States of America was not considered as a sovereign domestic government, but rather merely delegated with the collective legislative power of the People of the united States, which, as shown, is intended to carry out the functions outlined in the Constitution for the United States of America.

### Subject Property not Within the United States[2)]

The complaint alleges that the property of concern is within the Federal District of Wyoming, thereby implying that the property of concern in the complaint is under the exclusive legislative jurisdiction of the United States. This representation is patently false as neither the property of concern nor the jurisdiction of the State of Wyoming over the land has been ceded to the United States[2)]. The property is in the state of Wyoming, a territory under the sovereignty of a government other than the United States[2)]. This court does not have jurisdiction over titles in the State of Wyoming.

### The United States of America Is Not The Real Party In Interest

The United States of America is not the real party in interest. The real party is the "United States[2)]," that sovereign character specifically exercising exclusive legislative jurisdiction under constitutional article I section 8 clause 17, Article 4, Section 3, Clause 2, and defined under 26 USC 7701(a)(9)[5] and 26 CFR 1.911-2(g), and further defined by 28 U.S.C. 3002(15) *tense.* and the Trading With The Enemy Act of 1917 ACT OCT. 6,

---

[5] The term "United States" when used in a geographical sense includes only the States and the District of Columbia.

1917, CH 106, 40 STAT. 411. Inasmuch as the authority purportedly relied on by U.S. Attorneys Matthew H. Mead and Nicholas Vassallo to bring this action are 26 U.S.C. §§7401 and 7403, which are statutes of the United States[2)] and under the authorization of the Chief Counsel of the Internal Revenue Service, an office of the United States[2)], in whose benefit this action is brought, as distinguished from the confederacy of the United States of America, FRCP 17(a) requires the action "to be brought in the name of the United States."[2)]

> "that [e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought **in the name of the United States**."[2)] [Emphasis added] FRCP Rule 17(a)

### The Court Lacks Both Subject Matter Jurisdiction and In Personnam Jurisdiction

This court lacks both jurisdiction over me and subject matter jurisdiction over the claims for relief because the Department of the Treasury lacks the capacity to bring within its jurisdiction persons and subject matter not within the exclusive legislative jurisdiction of the United States[2)]. I am not an individual who was born in the United States[2)] and subject to its jurisdiction and am therefore not a "citizen of the United States[2)]" "resident of the United States[2)]" or "non-resident alien" as contemplated by 26 C.F.R. § 1.1-1, the treasury regulation corresponding to 26 U.S.C. § 1, but am rather, a flesh and blood woman born at Sheridan County, within the state of Wyoming wherein I remain an inhabitant. I do not now, nor have I ever resided in a federal territory, enclave, or district of the United States[2)].

### Conclusion

**Defendant, Her Activities And Revenues Are Now, And Have Always Been Exempt From Federal Excise Taxation[6] As Being Outside The Scope Of The Taxing Authority Of The Federal Government**

Justice Marshall, in *McCulloch v. Maryland, supra*, stated without qualification or reservation, that:

> It is obvious, that it [the power to tax] is an **incident of sovereignty, and is co-extensive with that to which it is an incident.** All subjects, over which the sovereign power of a state extends, are objects of taxation; **but those over which it does not extend, are,** upon the soundest principles, **exempt from taxation. This proposition may almost be pronounced self-evident.**
>
> "The sovereignty of a state extends to everything which exists by its own **authority,** or is introduced by its **permission.**" (Emphasis and [*bracketed material*] added)

That principle is still the law of the land. It has never been questioned, challenged nor distinguished into an insignificant corner, much less overruled, probably due to the fact that, as Justice Marshall indicates, the principle is "*obvious*" and "*self evident*." He also gives us a test by which to determine whether a proposed subject of taxation is within that authority, "the sovereignty of a state (not a political subdivision, but a "state", whether it be the State of Louisiana or the State of Israel or any other sovereign) extends to everything that exists **by its own authority** or is **introduced by its permission.**"

Does defendant's citizenship exist as a mere privilege of the federal government? Does she work or live, by license of the federal government? The answer to both of those questions is <u>NO</u>. She is, therefore, not now, nor has she ever been subject to the exclusive legislative jurisdiction of the United States[2] and, therefore, neither she nor her personal liberty, and revenues derived there from are, upon the soundest principles, subject to direct taxation by the federal government. During the two subject years, 1995

---

[6] ıı See § 19.22(b), 1940 Code of Federal Regulations

Defendant Jane Rice was neither working nor residing within the exclusive legislative jurisdiction of the United States.[2)] Rather she was living and working in the State of Wyoming, within Wyoming jurisdiction only. She was not then nor is she now, nor has she ever been engaged in an occupation requiring license from the United States[2)]. And, finally, she is not now nor has she ever been a nonresident alien or foreign corporation to whom a person in the United States[2)] owes money. Accordingly, both Jane Rice and her revenues are outside the indirect taxing authority of the United States[2)].

The United States[2)] is without authority to tax defendant's revenues because neither she nor her personal revenues are either within the exclusive legislative jurisdiction of the United States[2)] nor the scope of the excise taxing authority. Therefore, where there can be no tax, there can be no imposition of a tax, no liability and no tax deficiency, and certainly no assessment, and any claim of assessment without merit, and any claimed assessment or even a presumption to the validity of a claimed assessment are *ultra vires* and void *ab initio*.

Whereas the most essential element of the complaint, requisite for the relief requested, a claim of assessment of federal income tax liabilities, is a legal impossibility given Defendant's capacity and revenue sources, juxtaposed with the limited scope and purview of the applicable revenue laws of the United States[2)] and therefore beyond the jurisdictional reach of this court, such claims represent a fraud on the court and should be dismissed accordingly, with prejudice.

Wherefore, Defendant requests this court to dismiss this case with prejudice.

Dated March 27, 2007

*Jane Joyce Rice*
Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming 82801

Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming 82801

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 2 8 2007

Stephan Harris, Clerk
Cheyenne

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust; & Newport Pacific Trust Co, Ltd;

Defendants,

**CERTIFICATE OF SERVICE**

Civil No. 07CV019-B

I HEREBY CERTIFY that on March 20 2007, a copy of the **MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS** was deposited in the United States Mail Express Delivery, and on March 27 2007 a copy of the **MEMORANDUM IN SUPPORT OF MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS** was deposited in the United States Mail in an envelope addressed to:

Nicholas Vassallo
Assistant United States Attorney
P.O. Box 668
Cheyenne Wyoming, 82003

*Jane Joyce Rice*