MATTHEW H. MEAD
United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming  82003

MICHAEL G. PITMAN (*Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone (202) 305-7938
Facsimile (202) 307-0054

### UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| v. | Civil No. 2:07-cv-19-CAB |
| Jane Joyce Rice; Water Garden, Inc.; Perpetual Legacy Corp.; Carte Blanche Trust; & Newport Pacific Trust Co., Ltd.; | |
| Defendants. | |

### PLAINTIFF UNITED STATES' OPPOSITION TO DEFENDANT
### JANE JOYCE RICE'S MOTION TO QUASH SERVICE
### OF PROCESS AND DISMISS COMPLAINT

The United States of America, by its undersigned counsel, hereby opposes Defendant Jane Joyce Rice's ("Jane Rice's") Verified Motion to Quash Service of Process and Motion to Dismiss (the "Motion") (Doc. # 9).

## INTRODUCTION

The Complaint initiating this action was filed on January 19, 2007, and service of process was completed with respect to Jane Rice on February 14, 2007. Jane Rice filed the Motion on March 20, 2007, and a Memorandum in Support on March 28, 2007, in which she argued *inter alia*, that the Court lacks subject matter and personal jurisdiction, improper venue, insufficiency of service, and a violation of the statute of limitations.

## ARGUMENT

When evaluating a motion to dismiss, all allegations in the complaint are to be viewed in the light most favorable to the non-moving party, and all material allegations must be accepted as true. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The plaintiff bears the burden of establishing subject matter jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the

plaintiff need only make a *prima facie* showing of jurisdictional facts.  *See OMI Holdings,* 149 F.3d at 1091.  Here, the Motion should be denied because there is no basis for dismissal under Rule 12.

### A.     Personal Jurisdiction

Jane Rice argues that the Court lacks personal jurisdiction because she is a citizen of Wyoming and not of the United States.  As discussed in Section F below, this distinction is entirely meaningless.  And the caption and signature block of the Motion indicate that Jane Rice resides in Sheridan, Wyoming, which is located within the District of Wyoming.  *See* 28 U.S.C. § 131.  Fed. R. Civ. P. 4(k)(1)(A) grants the Court personal jurisdiction over defendants who are subject to the jurisdiction of Wyoming state courts.  As a Wyoming resident, there is no doubt that Jane Rice is subject to the jurisdiction of Wyoming state courts, and, therefore, that the Court has jurisdiction over her under Rule 4(a)(1)(A).

### B.     Subject Matter Jurisdiction

Jane Rice argues that the Court lacks subject matter jurisdiction because her revenue and property are subject to the "exclusive legislative jurisdiction" of Wyoming.  But 26 U.S.C. §§ 1340, 1345, 7402(a) and 7402(e) each independently grant the Court subject matter jurisdiction over this matter.  Thus, the Court has jurisdiction over the claims at issue in this case.

### C.      Venue

Jane Rice argues that venue is improper because the property at issue is not subject to the "exclusive legislative jurisdiction" of the United States.  But, under 28 U.S.C. §1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," and, under 28 U.S.C. §1396, venue is proper "in the district where the liability for [the taxes at issue] accrues, [or] in the district of the taxpayer's residence."  Here, a substantial part of the events giving rise to the claim occurred in Wyoming, a substantial part of the property that is the subject of the action is situated in Wyoming, the tax accrued in Wyoming, and the taxpayer's residence is in Wyoming.  Venue is consequently proper in the District of Wyoming.

### D.      Insufficiency Of Service

Jane Rice argues that service was improper because she was served in the State of Wyoming, and not in the District of Wyoming.  But the District of Wyoming contains the entire State of Wyoming.  *See* 28 U.S.C. § 131. Accordingly, Jane Rice's argument regarding the sufficiency of service is baseless.

### E.      Statute Of Limitations

Jane Rice argues that the United States' claims are time barred under 28 U.S.C. § 2462 because those claims accrued no later than 1996.  As Jane Rice correctly notes, 28 U.S.C. § 2462 does impose certain limitations on the United States, "[e]xcept as otherwise provided by Act of Congress."  However, since this is an action to reduce federal tax assessments to judgment, it is governed by the statute of limitations found in 26 U.S.C. § 6502, which provides that, once it makes an assessment, the IRS has ten years to collect the assessed amount.  *See United States v. Botefuhr*, 309 F.3d 1263, 1278 (10th Cir. 2002).  Here, the earliest assessment at issue occurred in April, 2001.  *See* Complaint (Doc. # 1) at ¶ 15.  Accordingly, the United States' claims were timely since they were filed before April, 2011.

### F.      Miscellaneous Arguments

The Motion and the Memorandum in Support also present analyses of, *inter alia*, Congress's authority to legislate, the definition of "United States," the nature of a "citizen," capacity, standing, and the IRS's authority to sue.  These miscellaneous arguments track familiar tax protester claims which have been so categorically rejected by the Courts, *see Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990), that litigants – including those proceeding *pro se* – are

now regularly sanctioned for presenting them. *See, e.g., Szopa v. United States*, 460 F.3d 884, 886-87 (7th Cir. 2006); *Stafford v. United States*, 208 F.3d 1177, 1178-79 (10th Cir. 2000). For instance, Jane Rice's argument that she is immune to federal taxation because she is not a citizen or resident of the United States, but rather a citizen of the State of Wyoming is based on a distinction that, while curiously attractive to tax protesters, is entirely specious. *See, e.g., United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) ("[Appellant] appeals, making typical, and wholly frivolous, tax-protester arguments, such as that only residents of Washington, D.C., and other federal enclaves are subject to the federal tax laws because they alone are citizens of the United States . . . These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared."). Jane Rice's miscellaneous arguments should be similarly rejected.

## CONCLUSION

The United States respectfully requests that the Court deny Defendant Jane Joyce Rice's Verified Motion to Quash Service of Process and Motion to Dismiss.

MATTHEW H. MEAD,
United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming  82003
Telephone: (307) 772-2124

Dated:  April 5, 2007

s/ Michael G. Pitman
MICHAEL G. PITMAN (*Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 305-7938
Facsimile: (202) 307-0054
Michael.G.Pitman@USDOJ.gov

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **PLAINTIFF UNITED STATES' OPPOSITION TO DEFENDANT JANE JOYCE RICE'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT** has been made this 5th day of April, 2007, by placing copies in the United States Mail addressed to the following:

        Jane Joyce Rice
        9 Pleasant Valley Lane
        Sheridan, Wyoming 82801

                s/ Michael G. Pitman
                Trial Attorney, Tax Division
                U.S. Department of Justice