FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 13 2007

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>JANE JOYCE RICE; WATER GARDEN, INC.; PERPETUAL LEGACY CORP.; CARTE BLANCHE TRUST; & NEWPORT PACIFIC TRUST CO., LTD.,<br><br>Defendants. | ) | Civil No. 07-CV-19-B |

**REPORT AND RECOMMENDATION DENYING JANE JOYCE RICE'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT**

The above-entitled matter, having come before the Court on Jane Joyce Rice's Motion to Quash Service of Process and Dismiss Complaint, and the Court having carefully considered the motion, and response thereto, and being fully advised in the premises, FINDS:

1. This case originally comes before the Court on plaintiff's action to reduce to judgment federal tax assessments against defendant, Jane Joyce Rice, and to foreclose federal tax liens against defendant's principal residence, royalty interest in mineral rights, undivided one-half interest in a 118.32 acre parcel of unimproved ranch land, and personal motor vehicle.

2. In the instant motion, defendant Jane Joyce Rice, requests that the Court quash the service of process and dismiss this complaint with prejudice. Defendant argues this Court lacks jurisdiction since defendant is "not a 'citizen' of the United States..." rather defendant is a citizen of

Wyoming. Additionally, defendant argues this Court lacks subject matter jurisdiction as the source of defendant's "revenues for the years of concern in the complaint were not U.S. constitutional sources within U.S. constitutional venues subject to the exclusive legislative jurisdiction of the Congress of the United States, but rather sources subject to the exclusive legislative jurisdiction of the state of Wyoming." Defendant also argues improper venue since the property at issue is not subject to the exclusive legislative jurisdiction of the United States, and argues that service of process was ineffective since defendant was served within the state of Wyoming, not the federal district of Wyoming.

3. Plaintiff opposes defendant Jane Joyce Rice's motion, and requests that said motion be denied. Plaintiff argues there is no basis for dismissal under Rule 12, since plaintiff need only make a prima facie showing of jurisdictional facts. Plaintiff argues defendant's jurisdictional arguments are meaningless since 28 U.S.C. § 131 and 26 U.S.C. § 1340, 1345, and 7402 grant jurisdiction over this matter. Plaintiff also argues venue is proper since a substantial part of the property that is subject of the action is situated in Wyoming, the tax accrued in Wyoming, and defendant's residence is in Wyoming. Additionally, plaintiff argues defendant's insufficiency of service argument is baseless since the District of Wyoming contains the entire State of Wyoming. Further, plaintiff argues the claims were timely since they were filed before April, 2011, pursuant to 26 U.S.C. § 6502. Finally, plaintiff argues defendant's argument that she is immune from federal taxation because she is a citizen of the State of Wyoming and not the United States is frivolous and has been universally rejected.

4. To begin, the Court notes that plaintiff bears the burden of establishing subject matter jurisdiction and personal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377

(1994); *OMI Holdings, Inc. v. Royal Ins*,. Co of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). The Court finds plaintiff has established personal jurisdiction over defendant pursuant to Federal Rules of Civil Procedure Rule 4(k)(1)(A) which states "service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." As a Wyoming resident defendant is subject to the jurisdiction of Wyoming statc courts, and therefore, this Court has jurisdiction pursuant to Rule 4(k)(1)(A). With regards to subject matter jurisdiction, the Court finds that 26 U.S.C. § 1340, 1345, 7402(a), and 7402(e) each independently grant the Court subject matter jurisdiction over this matter. *See* 26 U.S.C. § 1340 (district courts have jurisdiction over internal revenue matters); 26 U.S.C. § 1345 (district courts have jurisdiction of all civil actions, commenced by the United States); 26 U.S.C. § 7402 (district courts at the instance of the United States have jurisdiction to issue orders and make judgments for the enforcement of the internal revenue laws). Additionally, the Court agrees with plaintiff that defendant's argument that defendant is immune to federal taxation because she is a citizen of Wyoming not a citizen of the United States is frivolous and without merit. *See U.S. v. Cooper,* 170 F.3d 691 (7th Cir. 2006) (defendant appeals, making typical, and wholly frivolous tax-protester arguments, such as that only residents of Washington, D.C., and other federal enclaves are subject to the federal tax laws because they alone are citizens of the United States and that wages are not income because they are compensation for working rather than a pure economic rent. These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared.).

5. With regards to venue, the Court notes that a substantial part of the events giving rise to the claims in the instant action occurred in Wyoming, the property that is the subject to this action is located in Wyoming, and the tax accrued in Wyoming. Therefore, the Court finds venue is proper pursuant to 28 U.S.C. § 1396 and 28 U.S.C. § 1391(b)(2). *See* 28 U.S.C. § 1396 (Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed); 28 U.S.C. § 1391(b)(2) (venue is proper in a civil action wherein jurisdiction is not founded solely on diversity of citizenship in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated). Consequently, venue is proper in the United States District Court for the District of Wyoming.

6. The Court also finds defendant's argument that service was improper since she was served in the State of Wyoming, and not in the District of Wyoming without merit. The District of Wyoming includes the entire State of Wyoming. *See* 28 U.S.C. § 131 (Wyoming and those portions of Yellowstone National Park situated in Montana and Idaho constitute one judicial district).

7. Finally, the Court finds plaintiff's claims are governed by 26 U.S.C. § 6502, which provides that where the assessment of any tax imposed by this title has been made, such tax may be collected within ten years after the assessment of the tax. Since the earliest assessment at issue occurred in April, 2001, the Court finds plaintiff's claims were timely.

NOW, THEREFORE, IT IS RESPECTFULLY RECOMMENDED that Jane Joyce Rice's Motion to Quash Service of Process and Dismiss Complaint, be DENIED. Any party may serve and file written objections with the District Court within ten days of being served with a copy of this Report and Recommendation. *See,* 28 U.S.C. § 636(b)(1).

Dated this 13th day of December, 2007.

William C. Beaman, United States Magistrate Judge