Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming



## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust; & Newport Pacific Trust Co, Ltd;

Defendants,

**AMENDED VERIFIED MOTION TO
QUASH SERVICE OF PROCESS AND
MOTION TO DISMISS**

**Civil No. 07CV019-B**

State of Wyoming  )
                   ) *ss*
County of Sheridan )

I, Jane Joyce Rice, qualifying my appearance as special rather than general so as to avoid

any appearance of stipulation to implications, inferences, innuendoes or presumptions of consent

to acceptance or validity to the sufficiency of process, service of process and the bringing of this

action, or consent or acceptance to any implied waiver of venue or jurisdiction, hereby challenge

the sufficiency of service of process and service of process as void for want of standing and

capacity of the Plaintiff to bring this action against me, insufficiency of the complaint, want of

jurisdiction and improper venue, and for misrepresentations of fact and fraud on the court, and

move this court to quash the summons and dismiss the complaint.

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

1

**Notice of Foreign Law**

I hereby give notice of the foreign law of the State of Wyoming, of conflict between the

legislative jurisdictions of the United States and of the sovereign State of Wyoming, and of

comity.

**Notice of Character, Capacity, and Status**

1. This motion is brought under FRCP Rule 12(b) *et seq.*

2. This court lacks jurisdiction over me.

   a. The underlying source of power under which this case is brought is U.S.

      Constitution Articles 1 section 8 clause 17 and IV, Section 3, clause 2, endowing

      Congress with exclusive legislative jurisdiction over, and power to dispose of and

      to make all needful rules and regulations respecting, the territory or other property

      belonging to the United States.

   b. 28 USC § 132 creating and composing this district court does not promulgate the

      constitutional authority under which the court is created,[1] as it is not a

      constitutional court with article III powers.

      i. "The United States District Court is not a true United States court
         established under article 3 of the Constitution to administer the judicial
         power of the United States therein conveyed.  It is created by virtue of the
         sovereign congressional faculty, granted under article 4, 3, of that
         instrument, of making all needful rules and regulations respecting the
         territory belonging to the United States. The resemblance of its

---

[1] Note, for example, the creation of constitutional courts in 28 USC § 251.: Appointment and number of judges;
offices **(a)** The President shall appoint, by and with the advice and consent of the Senate, nine judges who shall
constitute a court of record to be known as the United States Court of International Trade. Not more than five of
such judges shall be from the same political party. The court is a court established under article III of the
Constitution of the United States. [emphasis added]; and: 28 USC § 171. Appointment and number of judges;
character of court; designation of chief judge **(a)** The President shall appoint, by and with the advice and consent of
the Senate, sixteen judges who shall constitute a court of record known as the United States Court of Federal Claims.
The court is declared to be a court established under article I of the Constitution of the United States.

United States of America v. Jane Joyce Rice                                                                          2
Civil No. 07CV019-B
Motion to Quash and Dismiss

jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court." *Balzac v. Porto Rico*, 258 U.S. 298, 312 (1922).

    ii.   It is instructional to note that contemporaneous among the judicial districts constituted for the United States District Courts is Puerto Rico (28 USC § 119), which, though a territory, is not one of the United States of America.

    iii.   Whereas Fed R. Civ. P Rule 4(k), prescribing the "Territorial Limits of Effective Service," is limited in its scope of territorial jurisdiction within a state, Rule 4(k)(a)(1)(a) presumes an extension of said jurisdiction to persons or objects within this territorial orbit that I am not within.  It is a misapplication of this provision to extend its scope outside the venue of territorial jurisdiction to subjects not otherwise within the U.S. Const. Art 1, 8, 17, and IV, 3, 2 territorial jurisdiction of the United States.

  c.   I am a Citizen of the United States by virtue of my Wyoming Citizenship,[2] (See attached birth certificate exhibit "A").  See *Dred Scott v. Sanford*, 60 U.S. 393, 15 L.Ed 691, (1856), as distinguished from being property or chattel of or belonging to the United States and I object to any presumption otherwise.

  d.   I was not born "in the United States and subject to *its* jurisdiction," [Emphasis added]  (See 26 C.F.R. § 1.1-1(c))[3], i.e. born in the sovereign, territorial plenary

---

[2] The insular cases clearly distinguish between the classes of U.S. Citizens or citizens of the United States born in the territories and possessions of the United States and the Citizens of a State, such as Wyoming, and their respective Citizenship status. *Balzac v. Porto Rico*, 258 U.S. 298 (1922). *Downes v. Bidwell* 182 U.S. 244 (1901). See also *Dred Scott v. Sandford*, 60 U.S. 393 (1857). Whereas Jane Joyce Rice was not born in a possession or territory of the United States, but rather at Wyoming, her status of United States Citizenship is derived from her Wyoming Citizenship.

[3] (c) *Who is a citizen.* Every person born or naturalized in the United States and subject to its jurisdiction is a citizen.

United States of America v. Jane Joyce Rice                                                  3
Civil No. 07CV019-B
Motion to Quash and Dismiss

U.S. Const. art 1 sec 8 cl 17, art IV, Sec 3, cl 2 exclusive legislative jurisdiction and rule making power of the United States within a territory or possession thereof as contemplated by the regulation, and I object to any presumption to the contrary.

    e.  At no time in my life have I ever resided, or done business, in the District of Columbia, the District of Wyoming, a federal territory, property or possession of the United States or a federal enclave subject to the territorial jurisdiction of the United States.

3.  This court lacks jurisdiction over the subject matter under 28 U.S.C. §§ 1340[4], 1345[5].

    a.  The scope of jurisdiction authorized under 28 U.S.C. § 1345 is limited, presuming a chose of action relative to subject matter within the sovereign orbit of the Congress of the United States under U.S. Const. Art I, 8, 17, and Art IV, 3, 2.

    b.  The complaint is insufficient on its face, as Plaintiff has failed to plead the Act of Congress expressly authorizing the Chief Counsel of Internal Revenue to sue, or to re-delegate such authorization to the Attorney General to bring the action.

    c.  The chief counsel of the Internal Revenue Service lacks the capacity of congressional authorization to sue and to request and authorize the Attorney General of the United States to bring this action.

---

[4] 28 USC 1340 **Internal Revenue; customs duties.** The district court shall have original jurisdiction over any civil action arising under any Act of Congress providing for internal revenue or revenue for imports or tonnage except matters within the jurisdiction of the Court of International Trade.

[5] 28 USC 1345 **United States as Plaintiff.** Except as otherwise provided by Act of Congress, the district court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

United States of America v. Jane Joyce Rice                                          4
Civil No. 07CV019-B
Motion to Quash and Dismiss

    d.  This court lacks jurisdiction to hear count II of the complaint and grant the requested relief in paragraphs 36 and closing paragraphs (c)-(f) as the properties of concern are not in the District of Wyoming in a federal enclave or property ceded by the State of Wyoming to the United States.  Rather, the subject properties are exclusively within the geographical territory known as the state of Wyoming and subject to the sovereign People of Wyoming and their jurisdiction.

4.    This court lacks jurisdiction to hear count II under 26 U.S.C. 7402(e)[6] as this is not an action to quiet title. No facts are alleged sufficient to invoke the jurisdiction under this provision.

    a.  The provision specifically states that the district court shall have jurisdiction "if the title claimed * * * was derived from enforcement of a lien under [Title 26]" Plaintiff makes no claim to title to the property in question.

5.    This court lacks jurisdiction under 26 USC 7402(a)[7] to adjudicate count II of the complaint.

    i.  The enforcement of the internal revenue laws is limited to the orbit of the sovereign jurisdiction of the United States under U.S. Const. art 1 sec. 8 cl. 17 and Art. IV, Sec. 3, cl 2.  The subject matter of count II of the complaint pertains to property outside the orbit of the United States'

---

[6] **26 U.S.C. 7402(e) To quiet title:** The United States shall have jurisdiction of any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from the enforcement of a lien under this title.

[7] **26 USC 7402(a) to issue orders, decrees and judgments.** The district courts of the United States at the instance of the United States shall have jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

5

territorial sovereignty as it is within the sovereign jurisdiction of the State of Wyoming.

    ii.   Paragraphs 5 and 10 of the complaint stating that 9 Pleasant Valley Drive is within the District of Wyoming is a misrepresentation of fact.

    iii.   Subject property listed in paragraphs 10-13 are not in the District of Wyoming and the jurisdiction of this court. On the contrary, the property is in the state of Wyoming and subject to the jurisdiction of the People of Wyoming.

6.  The complaint fails to state facts sufficient to establish venue in this district court. The venue is improper. 28 U.S.C. §§1391(b)(2)[8], 1396[9].

    a.   I do not reside in the District of Wyoming. Any claim otherwise is a misrepresentation and fraud on the court.

    b.   The subject properties of count II of the complaint are not in a federal territory, property, possession or enclave at the state of Wyoming, and are therefore not in the District of Wyoming.

    c.   The allegations of count I, paragraphs 14-17, the purported events substantially giving rise to the claim, took place at the situs of the IRS. A legitimate assessment is incurred by recording the liability in the office of the Secretary of

---

[8] **28 USC 1391 Venue Generally. (b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

[9] **28 USC 1396 Internal revenue taxes** Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such taxes accrues, in the district of the taxpayers residence, or in the district where the return was filed.

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

6

the Treasury. [10]  If there were a legitimate assessment, the proper venue for this action it would be Washington D.C.

    d.   28 U.S.C. §1396 includes the use of the term "taxpayer," which has neither been alleged nor established, and therefore its use to establish venue presumes facts not in evidence.  1 object to the presumption and to any inferences established by the use of this provision to establish venue absent an evidentiary hearing on the issue of my status in this context.

7.   Insufficiency of process.

    a.   Process was not served in the federal district of Wyoming, but rather the geographical state of Wyoming.  The service of process raises inferences, implications, and presumptions that I am located in and was served in the sovereign territorial jurisdiction of the United States and that the U.S. attorneys litigating this case have the capacity to bring me under this limited venue by service of process outside the district of Wyoming.  I waive no defect in the service of process.

8.   The use of the term "United States of America" as plaintiff is specious.  The "United States of America" is not the real party in interest and therefore lacks the capacity and standing to sue.

    a.   This action is brought by the Attorney General of the United States of America for Plaintiff "United States of America" as distinguished from being brought "at the instance of" the United States, which has not been plead.

---

[10] 26 USC 6203 The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with the rules or regulations prescribed by the Secretary.

United States of America v. Jane Joyce Rice                                   7
Civil No. 07CV019-B
Motion to Quash and Dismiss

       b.  FRCP Rule 17(a) provides "that [e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

           i.  FRCP 17(a) requires the action <u>"to be brought in the name of the United States."</u> Emphasis Added

       c.  28 USC 516 and 517 provides for the Department of Justice to litigate interests of the "United States" but says nothing about the interests of a body, agency or person named "United States of America."[11]

9.  The representation in paragraph 2 that the Chief Counsel of the Internal Revenue Service is delegated with power to authorize the Attorney General of the United States of America to direct the bringing of this action outside the exclusive legislative jurisdiction of the United States is a misrepresentation constituting a fraud on the court. The power of the Chief Counsel of the IRS is limited in its scope to authorizing cases within the exclusive legislative, regulatory venue

---

[11] 28 USC 516 provides that "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 USC 517 provides that "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

8

and jurisdiction of the United States, i.e. within the District of Columbia, possessions and territories of the United States. See 40 U.S.C. § 3112(b)&(c)[12].

10. Based on the arguments raised by this motion, the Plaintiff has made false representations to the court that amount to fraud on the court. Any purported claim of liability, assessment and lien are unfounded in the absence of United States sovereign jurisdiction[13] over both me and the source of my revenues—neither of which the Plaintiff can establish without first demonstrating the capacity and standing to exercise its exclusive legislative and regulatory jurisdiction as a basis for bringing this action.

11. For reasons herein provided and previously briefed in the memorandum tendered with the original motion, the complaint fails to state a claim upon which relief can be granted.

Wherefore, Jane Joyce Rice requests this court to quash the summons and dismiss this complaint with prejudice, and to award her the costs incurred for preparing this motion.

## VERIFICATION

I, Jane Joyce Rice, declare that I am competent to testify and have personal knowledge of the facts contained in this motion and declare them to be true to the best of my knowledge and belief.

Dated April __17__, 2007

_Jane Joyce Rice_
Jane Joyce Rice

---

[12] 40 USC 3112**(b) Acquisition and Acceptance of Jurisdiction.**— When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated. **(c) Presumption.**— It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.

[13] See reference to the Insular cases, supra.

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

9

BARBARA SONDGEROTH
NOTARY PUBLIC - WYOMING
Sheridan County
My Commission Expires Nov. 22, 2009

9 Pleasant Valley Lane
Sheridan, Wyoming

Jane  Joyce  Rice  signed  before  me

Subscribed and sworn before me this 17 day of April, 2007.

_____       11 / 22 / 2009
Notary                                          My commission expires

United States of America v. Jane Joyce Rice
Civil No. 07CV019-B
Motion to Quash and Dismiss

10

Exhibit A



THE UNITED STATES OF AMERICA

DEPARTMENT OF COMMERCE

BUREAU OF THE CENSUS

WASHINGTON

**Notification of Birth Registration**

This certifies that the following Record of Birth is registered and preserved in the office of the State

Registrar of Vital Statistics at _Cheyenne, Wyoming_

Name _JANE JOYCE RICE_        Sex Female    No. 1350-2217

Date of Birth _June 13, 1939_    Place of Birth _Sheridan, Wyoming_

Name of Father _John E. Rice_

Maiden Name of Mother _Ruth Geier_

W. L. Austin, Director of the Census.

M. C. Keith Dr. D.
Special Agent, Bureau of the Census.

O U S GOVERNMENT PRINTING OFFICE  1938

11