MATTHEW H. MEAD
United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming  82003

MICHAEL G. PITMAN (*Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone (202) 305-7938
Facsimile (202) 307-0054

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| v. | Civil No. 2:07-cv-19-CAB |
| Jane Joyce Rice; Water Garden, Inc.; Perpetual Legacy Corp.; Carte Blanche Trust;  & Newport Pacific Trust Co., Ltd.; | |
| Defendants. | |

**PLAINTIFF UNITED STATES' OPPOSITION TO DEFENDANT JANE JOYCE RICE'S AMENDED MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT**

The United States of America, by its undersigned counsel, hereby opposes Defendant Jane Joyce Rice's ("Jane Rice's") Amended Verified Motion to Quash Service of Process and Motion to Dismiss (the "Motion") (Doc. # 14).

## INTRODUCTION

The Complaint initiating this action was filed on January 19, 2007, and service of process was completed with respect to Jane Rice on February 14, 2007. Jane Rice filed a Verified Motion to Quash Service of Process and Motion to Dismiss on March 20, 2007, and a Memorandum in Support on March 28, 2007 (Docs. # 9 & 10). The United States opposed Jane Rice's Motion to Dismiss, and, on April 13, 2007, Magistrate Judge William C. Beaman recommended that Jane Rice's Motion to Dismiss be denied (Doc. # 13). Now Jane Rice brings the instant Motion, which, although it is captioned as an "Amended Motion,"[1] is properly interpreted as an objection to the Magistrates Judge's Report and Recommendations, pursuant to Fed. R. Civ. P. 72 and Local Rule 74.1.

## ARGUMENT

Under Rule 72(b) and Local Rule 74.1(b), Jane Rice is entitled to a *de novo* review of those issues in the Magistrate Judge's Report and Recommendations she has specifically challenged. The Motion appears to challenge the Magistrate

---

[1] To the extent the Motion is interpreted as a second motion to dismiss, Jane Rice is prohibited by Fed. R. Civ. P. 12(g) from raising any defense or objection – other than those listed in Rule 12(h)(2) – omitted from her March 20th Motion to Dismiss. *See* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1385.

- 2 -

Judge's determinations: (1) that service of process was proper; (2) that the Court has jurisdiction over Jane Rice; (3) that the Court has jurisdiction over the subject matter of this suit; and (4) that the District of Wyoming is the proper venue for this suit.  Jane Rice also argues that the United States lacks capacity to sue.  For the reasons discussed in the United States' Opposition to Jane Rice's Motion to Dismiss (Doc. # 12), as well as the reasons discussed below, the Court should dismiss Jane Rice's objections, deny the Motion, and adopt the Magistrates Judge's Report and Recommendations.

### A.     Service of Process was Proper

Relying on 28 U.S.C. § 131, the Magistrate Judge correctly rejected Jane Rice's argument that the District of Wyoming is somehow distinct from the State of Wyoming, and held that service of process was proper.  In the Motion, Jane Rice simply reiterates her argument that service in the State of Wyoming was insufficient.  Since Jane Rice has cited no authority suggesting that the Magistrate Judge's ruling on this issue was in error, her conclusory argument that service was improper should be rejected.

### B.     The Court has Jurisdiction over Jane Rice

Relying on Fed. R. Civ. P. 4(k)(1)(A), the Magistrate Judge correctly held that the Court has personal jurisdiction over Jane Rice.  In the Motion, Jane Rice argues that the Court's jurisdiction does not extend to the State of Wyoming, as

opposed to the District of Wyoming.  However, the Motion offers no coherent challenge to the Magistrate Judge's determination that, as a Wyoming resident, Jane Rice is subject to the jurisdiction of Wyoming state courts and that Rule 4(k)(1)(A) consequently confers jurisdiction.  Accordingly, Jane Rice's argument that the Court lacks personal jurisdiction should be rejected.

### C. The Court has Subject Matter Jurisdiction over this Matter

The Magistrate Judge correctly held that 26 U.S.C. §§ 1340, 1345, 7402(a) and 7402(e) each independently grant the Court subject matter jurisdiction over this matter.  In challenging this ruling, Jane Rice relies, once again, on the argument that the District of Wyoming is somehow distinct from the State of Wyoming, or, more specifically, that property in the District of Wyoming is not also in the State of Wyoming.  The Magistrate Judge correctly dismissed this argument as frivolous, and Jane Rice has not presented any contrary authority.  Jane Rice also argues, for the first time, that Congress has not authorized the Chief Counsel of the Internal Revenue Service to sue Jane Rice, or to authorize the Attorney General to do so.  The Tenth Circuit Court of Appeals has deemed this argument legally frivolous and unworthy of discussion.  *See United States v. Dawes*, 161 Fed. Appx. 742, 745-46 (10th Cir. 2005).  Jane Rice's argument that the Court lacks subject matter jurisdiction should be similarly rejected.

### D. The District of Wyoming is the Proper Venue for this Suit

Relying on 28 U.S.C. §§ 1391(b)(2) and 1396, the Magistrate Judge correctly held that venue is proper in the District of Wyoming. In challenging this ruling, Jane Rice relies, once again, on the argument that the District of Wyoming is somehow distinct from the State of Wyoming. Since Jane Rice has cited no authority suggesting that the Magistrate Judge's ruling on this issue was in error, her conclusory argument that venue is improper should be rejected.

### E. The United States has Capacity to Sue

Although the Magistrate Judge's Report and Recommendations does not address the issue of capacity, the Motion alleges that the United States lacks the capacity to sue. This position is based on the argument that the "United States" is somehow distinct from the "United States of America." The Tenth Circuit Court of Appeals has deemed this argument legally frivolous and unworthy of discussion. *See Dawes*, 161 Fed. Appx. at 745-46. Accordingly, Jane Rice's argument that the United States lack capacity to sue should be rejected.

### CONCLUSION

The United States respectfully requests that the Court deny Defendant Jane Joyce Rice's Amended Verified Motion to Quash Service of Process and Motion to Dismiss.

- 6 -

                                      MATTHEW H. MEAD,
                                      United States Attorney
                                      NICHOLAS VASSALLO
                                      Assistant United States Attorney
                                      District of Wyoming
                                      P.O. Box 668
                                      Cheyenne, Wyoming  82003
                                      Telephone: (307) 772-2124

Dated:  April 27, 2007              <u>s/ Michael G. Pitman</u>
                                      MICHAEL G. PITMAN (*Pro Hac Vice*)
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 683
                                      Ben Franklin Station
                                      Washington, D.C. 20044-0683
                                      Telephone: (202) 305-7938
                                      Facsimile: (202) 307-0054
                                      Michael.G.Pitman@USDOJ.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **PLAINTIFF UNITED STATES' OPPOSITION TO DEFENDANT JANE JOYCE RICE'S AMENDED MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT** has been made this 27th day of April, 2007, by placing copies in the United States Mail addressed to the following:

> Jane Joyce Rice
> 9 Pleasant Valley Lane
> Sheridan, Wyoming 82801

> s/ Michael G. Pitman
> Trial Attorney, Tax Division
> U.S. Department of Justice