Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 14 2007

Stephan Harris, Clerk
Cheyenne

United States of America,

Plaintiff,

v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust; & Newport Pacific Trust Co, Ltd;

Defendants,

Civil No. 07CV019-B

### SUPPLEMENTAL TO AMENDED VERIFIED MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS

I, Jane Joyce Rice, appearing specially rather than generally, to avoid any appearance of concession to either jurisdiction or sufficiency of the complaint, or of stipulation to its ambiguities, in the interest of judicial economy and in support and defense of my amended verified motion to quash, hereby supplement my motion to quash by moving this court, should it deny the motion to quash the summons, to order the Plaintiff to clear up vague or ambiguous statements made in the complaint by providing a more definite statement.

1. FRCP Rule 12(e) provides that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

1

2. Paragraph 2 of the complaint asserts that this action "is brought at the direction of the Attorney General of the United States of America and at the request and authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§7401 and 7403."

3. While the Attorney General is specifically characterized as being "<u>of the</u>" United States of America, in juxtaposition the terms "Secretary," "Treasury," or "Secretary of the Treasury," and "Chief Counsel," "Internal Revenue Service," or "Chief Counsel of the Internal Revenue Service" are conspicuously vague or ambiguous, being devoid of any specific characterization, that said entities are persons, agents, offices, departments, or agencies *of the United States of America*. This distinction is relevant in light of the determinations made in the Insular Cases[1]. Are the offices listed in paragraph 2: 1) *of the* <u>United States of America</u> acting in a representative capacity for the sovereign People of the united States, or; 2) *of the* <u>United States</u> exercising a sovereign capacity over the territories as distinguished in *Downes v. Bidwell* 182 U.S. 244 (1901)? Is the Plaintiff bringing this action as a sovereign to a subject, or as an agent in behalf of its Sovereign? For that matter, in what capacity is the Attorney General truly acting; as an agent for the Sovereign People, or as an agent for the Sovereign United States, or as a traitor exercising the jurisdiction of the latter *ultra vires* in the venue of the former?

4. Paragraph 36 of the complaint exacerbates the ambiguity of who is the Plaintiff as the "The United States," as distinguished from "The United States of America," suspiciously appears for the first time in the complaint to make a claim to

---

[1] For an excellent explanation of the Insular Cases, and particularly the evolution of the territorial sovereign capacity of the government of the United States as distinguished from its representative capacity, See *The Insular Cases and the Emergence of America Empire*, by Bartholomew H. Sparrow, 2006 University Press of Kansas, ISBN 0-7006-1481-8

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

2

entitlement to the relief requested therein. This is the only time in the complaint "The United States," makes a claim. It is unclear whether the words "of America" are omitted intentionally or because of a mistake. This distinction is relevant in light of the determinations made in the Insular Cases[2]. Because of the holdings in the Insular Cases distinguishing the sovereign character of the United States government over its territories, properties and possessions under U.S. Constitution article IV, 3, 2 from its representative capacity for the 50 sovereign united States of America and the People comprising them, distinguishing these respective capacities is crucial in this case for determining both subject matter and in personnam jurisdiction.

5. In light of the distinctions made in the Insular Cases distinguishing the sovereign and representative capacities of the United States, it would follow that there are at least two treasury departments established by Congress; one to hold and manage revenue and expenses for its fiduciary role as representing the Sovereign People and 50 States of the united States, and the other to manage revenue and expenses while exercising its sovereign capacity over its territories, properties and possessions. Paragraph 2 of the complaint is vague relative to distinguishing exactly which Treasury, or Secretary, has requested the Attorney General to bring this action.

6. The term "Treasury" appears to be defined neither in the Internal Revenue Code nor in Title 26 of the Code of Federal Regulations.

7. Under the act of Sept 2, 1789 Chapter XII An Act to establish the Treasury Department (a) § 1 provides that "there shall be a **Department *of* Treasury** in

---

[2] By "Insular cases" I mean those cases adjudicated between 1901 and 1923 concerning the status of the island territories of Puerto Rico, Guam, Virgin Islands etc, as referred to in Bartholomew Sparrows book referred to in footnote one.

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

3

which shall be the following officers, namely: a Secretary of the Treasury, to be deemed head of the department . . ." [Emphasis added]

- a. It is instructional to note that what was created by this Act is a "Department *of* Treasury."
- b. It is instructional to note that section 1 of the Act provides that the Secretary of the Treasury is an officer among other officers "in" the Department *of* Treasury.

8. **31 USC § 301 Department of the Treasury (a)** provides that "The **Department *of the* Treasury** is an executive department of the United States Government at the seat of the Government," and (b) provides that "the head of the Department is the Secretary of the Treasury." [Emphasis added] See also Public Law 97-258 Ch § 1; 96 Stat. 877, Sept. 13, 1982.

- a. It is instructional to note that this Act established "The Department *of the* Treasury" as distinguished from the Act creating "The Department *of* Treasury" referenced in paragraph four herein.
- b. It is also instructional to note that the Secretary of the Treasury, though the head of the Department, is distinguished from the Act referenced in paragraph four, as the Secretary is not *among* the officers *in* the Department of the Treasury.
- c. It is instructional to note that the Department *of the* Treasury is an *executive department* of the *United States Government* at the *seat of the Government*, while the Department *of* Treasury is not.

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

4

9. Given the distinctions made in foregoing paragraphs, it appears Congress has created at least two treasury departments, 1) "The Department of Treasury," and 2) "The Department of the Treasury."

   a. It is instructional to note that the historical notes provided under 31 USC § 301 do not source the creation "Department of the Treasury" to the original Department of Treasury.

10. **Public Law 97-258 Ch § 302 Treasury of the United States** provides that "The United States Government has a Treasury of the United States. The Treasury is *in* the Department of the Treasury." [Emphasis added] 31 U.S.C. 302; 96 Stat. 877, Sept 13, 1982

    a. It is instructional to note that the Treasury is *in* the Department "of the" Treasury, rather than *in* the Department "of" Treasury.

    b. Does the United States have a Treasury analogous to that of the United States Government?

11. **26 USC § 7701(Definitions) (11)** defines the terms "Secretary of the Treasury" and "Secretary" as such:

    > (A) **Secretary of the Treasury**. The term "Secretary of the Treasury" means the Secretary of the Treasury, personally, and shall not include any delegate of his.
    > (B) **Secretary**. The term "Secretary" means the Secretary of the Treasury or his delegate.

12. The definitions supplied in the preceding paragraph are vague in that they do not specify which "Treasury" the provision refers; 1) the Department of Treasury; 2) the Department of the Treasury; or 3) the Treasury.

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

5

13. Paragraph 2 of the complaint cites 26 USC §§ 7401 and 7403 as the statutory provisions for which the complaint is brought. According to the Parallel Table of Authorities, the corresponding regulation providing for rulemaking implementing both 26 USC §§ 7401 and 7403, is 27 CFR § 70.

 a. **27 CFR § 70** pertains to rule making concerning alcohol, tobacco, firearms, and explosives.

 b. Does the use of § 7401 and § 7403 as a basis for establishing jurisdiction imply that this case is based on a presumption of a source of income from a trade or business of alcohol, tobacco, firearms, and explosives?

14. **27 CFR § 26.11** (Definitions) do not provide a definition for the term "Treasury" but specifically defines the terms "secretary" and "Secretary or his delegate" as:

 a. Secretary. The Secretary of the Treasury of Puerto Rico.

 b. Secretary or his delegate. The Secretary or any officer or employee of the Department of the Treasury of Puerto Rico duly authorized by the Secretary to perform the function mentioned or described in this part.

 c. Does the use of § 7401 and § 7403 as a basis for establishing jurisdiction imply that this case is based on an assessment based on a source of income from a trade or business importing or exporting alcohol, tobacco or firearms to or from Puerto Rico?

15. The terms "Secretary," "Treasury" or "Secretary of the Treasury" as used in paragraph 2 of the complaint are so vague or ambiguous, they fail to provide an understanding of which Secretary or which Treasury the Plaintiff is referring.

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

6

16. Clearing up the ambiguity of the terms "United States" and "United States of America" as well as the other terms of concern in this motion is crucial to establishing the true capacity of the Plaintiff and establishing subject matter jurisdiction in this court as it will put to rest my position that by bringing this action against me the Office of the United States Attorney in concert with the other offices of concern herein are perpetrating a fraud on the court and treason against the Constitution and the American People of the 50 sovereign united States by imposing the sovereign territorial capacity of the United States under Article IV over its insular *possessions ultra vires* over me. See *Caha v. United States*, 152 U.S. 211, 215, 14 S. Ct. 513 (1894)

17.     If I am wrong, a more definite statement will eliminate this concern and the United States Attorney will have no problem demonstrating his clean hands.

18.     Because jurisdiction has been challenged, and because it is clearly established that the Plaintiff does in fact have two different and distinct personalities, it is not an unreasonable expectation or burden that I should demand the Plaintiff to prove that it is not acting in its sovereign territorial capacity. A more definite statement will clear up any doubt.

Wherefore, in support of my motion to quash the summons and dismiss the complaint, I request the court to take judicial notice of the distinctive characters and capacities of the Plaintiff brought to light through the Insular Cases, and with a view toward the distinction between these capacities, to notice within this context the ambiguities and vagueness of the terms "United States of America," "United States," "Secretary," "Treasury," and "Chief Counsel," "Internal Revenue Service," or "Chief

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

7

Counsel of the Internal Revenue Service" as used in the complaint, and to order the Plaintiff, <u>should it deny the motion quash the summons and process</u>, to make a more definite statement revealing the nature and character of these offices and of the character and capacity of the government bringing the action.

Dated May /0 , 2007

                                         *Jane Joyce Rice*
                                         Jane Joyce Rice
                                         9 Pleasant Valley Lane
                                         Sheridan, Wyoming 82801

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

8

Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 14 2007

Stephan Harris, Clerk
Cheyenne

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust; & Newport Pacific Trust Co, Ltd;

Defendants,

**CERTIFICATE OF SERVICE**

Civil No. 07CV019-B

I HEREBY CERTIFY that on May __10__ 2007, a copy of this **SUPPLEMENTAL TO AMENDED VERIFIED MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS** was deposited in the United States Mail addressed to:

Nicholas Vassallo
Assistant United States Attorney
P.O. Box 668
Cheyenne Wyoming, 82003

*Jane Joyce Rice*

United States of America v. Jane Joyce Rice, et al
Civil No. 07CV019-B
Supplemental to Amended Motion to Quash

11