Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 11 2007

Stephan Harris, Clerk
Cheyenne

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| v. | Civil No. 07CV019-B |
| Jane Joyce Rice; Water Garden, Inc.; Perpetual Legacy Corp.; Carte Blanche Trust; & Newport Pacific Trust Co, Ltd | |
| Defendants, | |

### NOTICE OF NULLITY OF MAGISTRATE JUDGE WILLIAM C. BEAMAN'S REPORT AND RECOMMENDATION DENYING JANE RICE'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT AND NOTICE OF TREASON, AND TO DECLARE THE WANT OF MAGISTRATE JUDGE JURISDICTION

State of Wyoming )
                 ) ss
County of Sheridan )

I, Jane Joyce Rice, enter this special limited appearance in support and defense of my Amended Motion to Quash to notice this court of the nullity of Magistrate Judge William C. Beaman's Report And Recommendation dated December 13, 2007, and filed April 13, 2007, and of Magistrate Judge William C. Beaman's Act of Treason against the Constitution for the United States of America for filing the Report.

### INTRODUCTION

The Complaint initiating this action was filed on January 19, 2007 and process was served on me on or about February 14, 2007. I filed a Motion to Quash on March

United States of America v. Jane Joyce Rice, et al.
Civil No. 07CV019-B
Notice of Nullity of Magistrate's Report

1

20, 2007, followed by a Memorandum in Support thereof on March 28, 2007. The Plaintiff filed an opposition to my Motion to Quash on April 5, 2007. Magistrate Judge William C. Beaman filed a Report and Recommendation on April 13, 2007. Without knowledge of the Magistrate's Report I filed an Amended Motion to Quash on April 17, 2007. The Plaintiff filed an opposition to the Amended Motion to Quash on April 27, 2007 causing me to learn of the Magistrate's Report.

1.  This court failed to provide me with notice of filing of the Report and Recommendation filed by Magistrate Judge William C. Beaman ("Report") when the Report was initially filed. See 28 U.S.C. § 636(b)(1)(c)[1]. I direct the court to note that the Report lacks a certificate or any other indication of mailing.

2.  My first knowledge that the Report was filed was when I received the Plaintiff's Opposition to my Amended Motion to Quash wherein my amended motion to quash was presumed to be an opposition to the Report.

3.  Upon receiving a copy of the Plaintiff's Opposition (May 1, 2007) I immediately phoned the court clerk to inquire whether the Magistrate Judge had in fact filed a report on April 13, 2007. The clerk acknowledged the filing. I then requested the clerk provide me a copy, which I received May 4, 2007.

4.  I protest the Court's failure to provide me timely notice upon the filing of the Report.

5.  I protest Plaintiff's treatment of my Amended Motion to Quash as being an objection to the Report.

---

[1] 28 U.S.C. 636 §(b)(1)(C): The magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

United States of America v. Jane Joyce Rice, et al.
Civil No. 07CV019-B
Notice of Nullity of Magistrate's Report

2

6. Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds. Kline v. Burke Construction Co., 260 U.S. 226, 234 (1922). 28 U.S.C. § 636(a) provides that each United States magistrate serving under [Chapter 43, United States Magistrates] shall have within **the territorial jurisdiction** prescribed by his appointment—all the powers listed pursuant to paragraphs (1)-(5) thereunder.[2] [Emphasis added] (The specific powers are irrelevant in this case as Magistrate powers apply only within territorial jurisdictions. Wyoming is not a federal territory.)

7. As argued in the amended Motion to Quash, the property, which is the subject matter of the complaint, is located within the geographic boundaries of the state of Wyoming, and not within the territorial jurisdiction of the United States. Neither is my status that of a statutorily defined "territorial" citizen of the United States, i.e. subject to *its* [territorial] jurisdiction. See *Downes v. Bidwell* 182 U.S. 244 (1901)and *Balzac v. Porto Rico*, 258 U.S. 298 (1922). I am rather a United States Citizen via my birth in the geographic state of Wyoming, which is not a federal territory. Because the Magistrate Judge lacks any power other than within the territorial jurisdiction prescribed by his appointment, he lacks jurisdiction to preside over anything pertaining to this case.

8. Whereas the Magistrate Judge lacks any power to enter a Report in this case, the Report, being a nullity, is void *ab initio*.

---

[2] 28 U.S.C. § 636(a)(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts; (2) the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention or persons pending trial, and take acknowledgements, affidavits, and depositions;(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section; (4) the power to enter a sentence for a petty offense; and (5) the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented.

United States of America v. Jane Joyce Rice, et al.
Civil No. 07CV019-B
Notice of Nullity of Magistrate's Report

3

> Courts are constituted by authority and they can not go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Vallely v. Northern Fire & Marine Insurance Company*, 41 S. Ct. 116, 254 U.S. 348 (1920); *Elliott v. Peirsol*, 1 Pet. 328, 344(1828); *Old Wayne Mutual Life Association v. McDonough*, 204 U.S. 8

9. The filing of the Report in the record without jurisdiction is an intrusion into this case constituting a trespass and according to the United States Supreme Court, is an act of treason.

> "It is most true that this court will not take jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution. Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do is to exercise our best judgment, and conscientiously perform our duty." *U.S. v. Will*, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

10. This court is hereby duly noticed of the nullity of the Report.

11. This court is also hereby duly noticed of the act of Treason committed by Magistrate Judge William C. Beaman by his trespass into this case, and of U.S.C. 18 § 2382, Misprision of Treason, states that: "Whoever, owing allegiance to the United States and having knowledge of the commission of any treason against them, conceals and does not, as soon as may be, disclose and make known the same to the President or to some judge of the United States, or to the governor or to some judge or justice of a particular State, is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years, or both."

United States of America v. Jane Joyce Rice, *et al.*
Civil No. 07CV019-B
Notice of Nullity of Magistrate's Report

4

Wherefore, I move this court to declare the Magistrate's Report null and void and to enjoin the Magistrate Judge from trespassing into this proceeding.

## VERIFICATION

I, Jane Joyce Rice, declare that I am competent to testify and have personal knowledge of the facts contained in this Notice of Nullity and declare them to be true to the best of my knowledge and belief.

*Jane Joyce Rice*
Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming

Subscribed and sworn before me this 9th day of May, 2007.

_____          1-9-09
Notary                             My commission expires

```
LADEAN HAUX          NOTARY PUBLIC
COUNTY OF            STATE OF
SHERIDAN             WYOMING
MY COMMISSION EXPIRES JANUARY 9, 2009
```

United States of America v. Jane Joyce Rice, et al.
Civil No. 07CV019-B
Notice of Nullity of Magistrate's Report

5

Jane Joyce Rice

9 Pleasant Valley Lane
Sheridan, Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

MAY 1 1 2007

Stephan Harris, Clerk
Cheyenne

| United States of America, | CERTIFICATE OF SERVICE |
|---|---|
| Plaintiff, | Civil No. 07CV019-B |
| v. | |
| Jane Joyce Rice; Water Garden, Inc.; Perpetual Legacy Corp.; Carte Blanche Trust; & Newport Pacific Trust Co, Ltd; | |
| Defendants, | |

I HEREBY CERTIFY that on May __9__ 2007, a copy of the **MOTION TO STRIKE REPORT AND RECOMMENDATION DENYING JANE RICE'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT** was deposited in the United States Mail addressed to:

Nicholas Vassallo
Assistant United States Attorney
P.O. Box 668
Cheyenne Wyoming, 82003

*Jane Joyce Rice*

United States of America v. Jane Joyce Rice, et al.
Civil No. 07CV019-B
Notice of Nullity of Magistrate's Report

7