```
                                                    FILED
                                              U.S. DISTRICT COURT
                                              DISTRICT OF WYOMING
```

**Jane Joyce Rice**  
**9 Pleasant Valley Lane**  
**Sheridan, Wyoming 82801**

JUN 2 8 2007

Stephan Harris, Clerk  
Cheyenne

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **United States of America,** | |
| Plaintiff, | |
| v. | Civil No. 07CV019-B |
| **Jane Joyce Rice; Water Garden, Inc.; Perpetual Legacy Corp.; Carte Blanche Trust; & Newport Pacific Trust Co, Ltd;** | |
| Defendants, | |

## DEFENDANT'S OBJECTION TO AND MOTION TO RECONSIDER THE DENIAL OF DEFENDANT'S AMENDED MOTION TO QUASH AND FOR FINDINGS OF FACT AND TO CERTIFY FOR APPEAL PURSUANT TO 28 U.S.C. §1292(b)

Defendant Jane Rice moves this Court to reconsider its denial of Defendant's Amended Motion to Quash and for findings of fact and conclusions of law or in the alternative moves this court, pursuant to 28 U.S.C. §1292(b), to certify for immediate appeal the issues encompassed by Defendants' Amended Motion to Quash. I have conferred with opposing counsel on this notice and motion. A memorandum in support follows.

Respectfully submitted,

*Jane Joyce Rice*  
Jane Joyce Rice

United States of America v. Jane Joyce Rice et al.  
Civil No. 07CV019-B  
Objection to and Motion For Finding of Facts and Conclusions of Law and To Certify Issues for Appeal

1

## MEMORANDUM IN SUPPORT

In her Amended Motion to Quash, Defendant raised the issue that whereas she was not served in a federal enclave within the state of Wyoming, the Defendant as not properly served and the court lacks in personnam jurisdiction (see paragraphs 2 *et seq.* and 7), and also raised grounds for dismissal concerning lack of subject matter jurisdiction, particularly: (1) this court lacks in rem jurisdiction to foreclose on real and personal property in the state of Wyoming not situate in a federal enclave of the United States (see paragraph 3(a) and (d)); and, (2) This court lacks subject matter jurisdiction under 26 U.S.C. 7402(e) [1] as this is not an action to quiet title (paragraph 4) and no facts were plead as such; and, (3) This court lacks jurisdiction over the subject matter under 28 U.S.C. §§ 1340[2], 1345[3] and 26 USC 7402(a)[4] on grounds that the Chief Counsel of the IRS lacks standing to sue as the scope and purview of its power is limited to cases, actions, and property within the exclusive legislative, regulatory venue and jurisdiction of the United States, i.e. within the District of Columbia, possessions and territories of the United States (see paragraphs 3(b), 3(c), 5(i) and 9); and, (4) this court lacks subject matter jurisdiction due to the plaintiff "United States of America" lack of capacity to sue (see paragraph 8 et seq.).

---

[1] **26 U.S.C. 7402(e) To quiet title:** The United States shall have jurisdiction of any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from the enforcement of a lien under this title.

[2] 28 USC 1340 **Internal Revenue; customs duties.** The district court shall have original jurisdiction over any civil action arising under any Act of Congress providing for internal revenue or revenue for imports or tonnage except matters within the jurisdiction of the Court of International Trade.

[3] 28 USC 1345 **United States as Plaintiff.** Except as otherwise provided by Act of Congress, the district court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

[4] **26 USC 7402(a) to issue orders, decrees and judgments.** The district courts of the United States at the instance of the United States shall have jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

United States of America v. Jane Joyce Rice et al.  
Civil No. 07CV019-B  
Objection to and Motion For Finding of Facts and Conclusions of Law and To Certify Issues for Appeal

2

Without prosecutorial opposition to the defenses concerning lack of subject matter jurisdiction, the Court summarily rejected them all with no findings of fact and conclusions of law supporting its denial. Whereas these defenses "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. §1292(b), Defendant asks the Court both for findings of facts and conclusions of law and to certify for appeal the denial of her motions.

On none of the issues did the court rely on controlling authority dictating rejection of Defendant's arguments. On the issue of whether the plaintiff was properly served, while the court adopted the magistrate's report which made no specific finding on the issue but merely agreed with the prosecution who looked to *U.S. v. Cooper*, 170 F.3d 691 (7th Cr. 2006), there is no authoritative decision directly on point. On the issues of whether the chief counsel has standing to authorize this case, and whether the court has in rem jurisdiction to foreclose on real or personal property within the State of Wyoming but without a federal enclave, this court was silent. In short, the amended motion to quash set forth controlling questions of law as to subject matter jurisdiction to which there is substantial ground for difference of opinion. Since any one of the arguments that the Defendant raised would materially advance the ultimate termination of the case, Defendant contends that certification fulfills the second requirement under 28 U.S.C. §1292(b). Lastly, Defendant adds that immediate appeal would facilitate the resolution of these issues as a decision by the Tenth Circuit Court of Appeals would apply to other Wyoming

United States of America v. Jane Joyce Rice et al.
Civil No. 07CV019-B
Objection to and Motion For Finding of Facts and Conclusions of Law and To Certify Issues for Appeal

3

Citizens bringing similar claims as the Defendant. A decision by the appellate court on the two topics would be beneficial in determining the course of future litigation on these positions.

Defendants also asks the Court to stay proceedings in the case pending the outcome of the appeal. 28 U.S.C. §1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order").

## CONCLUSION

For these reasons, as well as the reasons stated in Defendant's motions and amended motions to quash, Defendant moves this honorable Court to make findings of facts and conclusions of law in support of its denial and to certify the issues raised in the motions and amended motions to quash for immediate appeal and to stay the underlying action pending a decision by the Tenth Circuit Court of Appeals.

Dated June 28, 2007

                                                                                        Jane Joyce Rice
                                                                                        9 Pleasant Valley Lane
                                                                                           Sheridan, Wyoming

United States of America v. Jane Joyce Rice et al.
Civil No. 07CV019-B
Objection to and Motion For Finding of Facts and Conclusions of Law and To Certify Issues for Appeal

4

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of DEFENDANT'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW AND TO CERTIFY FOR APPEAL PURSUANT TO 28 U.S.C. §1292(b) THE DENIAL OF DEFENDANTS' MOTION TO QUASH was deposited in the United States mail this 28 day of June, 2007.

*Jane Joyce Rice*
Jane Joyce Rice

United States of America v. Jane Joyce Rice et al.
Civil No. 07CV019-B
Objection to and Motion For Finding of Facts and Conclusions of Law and To Certify Issues for Appeal

5