Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust; & Newport Pacific Trust Co, Ltd

Defendants,

Civil No. 07CV019-B

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN - 9 2008

Stephan Harris, Clerk
Cheyenne

## MOTION TO RECONSIDER, VACATE AND SET ASIDE DEFAULT JUDGMENT AND CLERK'S ENTRY OF DEFAULT

The Defendant, Jane Joyce Rice, for a motion to reconsider, vacate and set aside default judgment and clerk's entry of default, states as grounds for her request, to wit:

1.  I have conferred with opposing counsel on this motion.

2.  On January 4, 2008, a motions hearing was convened to consider pending motions.

3.  After oral arguments, the court denied my motions titled "MOTION TO RECONSIDER AND FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW OR IN THE ALTERNATIVE TO CERTIFY FOR APPEAL PURSUANT TO 28 U.S.C. §1292(b) THE DENIAL OF DEFENDANT'S AMENDED MOTION TO QUASH" and "MOTION TO SET ASIDE ENTRY OF DEFAULT."

4.  Before rendering judgment on the motions, Judge Brimmer emphatically noticed me that had he received from me a viable excuse for my failure to appear at the June 4, 2007 hearing, it would have found substantial grounds to vacate its order of June 15, 2007 and reschedule a hearing.

5. In response to Judge Brimmer's statement I notified him that I had in fact provided an excuse to the court in writing and that the same was filed with the court. A review of the file reveals that on June 28, 2008, a notice and motion titled "NOTICE TO COURT OF REASON FOR ABSENCE AT JUNE 4, 2007 HEARING AND MOTION TO VACATE AND SET ASIDE ORDER DENYING MOTIONS AND TO RESCHEDULE HEARING" was filed with the court. (See Court Document 30, Filed Stamped June 28, 2007 by Stephan Harris). (The motion was signed on June 27, 2007. The certificate of service of the motion was incorrectly dated May 28, 2007. A copy of the motion was actually deposited in the mail to the Plaintiff on June 28, 2007.)

6. Although I emphasized to the court during the hearing the existence of the aforementioned notice, Judge Brimmer failed to acknowledge its existence in the record. The court has not addressed or denied the aforementioned notice and motion.

7. During the Plaintiff's initial argument, Judge Brimmer, asking Michael Pittman to speak louder, admitted he was having difficulty hearing as he not wearing his hearing aids. It appeared to me that during my conversation there was a breakdown of communication and that the court either did not hear, or did not understand, what I was saying. I became frustrated by my inability to convey to Judge Brimmer the fact that I had tendered to the court the very excuse he was asking for. Rather than argue, I chose instead to rely on the fact that because the excuse was in the record, the court had what it said it needed to vacate its June 15 order and reschedule a hearing.

8. The failure of Judge Brimmer to wear his hearing aids, coupled with the fact that notwithstanding that I emphasized that I had tendered to the court the excuse that I was unable to attend the June 4, 2007 motions hearing due to an emergency surgery, coupled with the fact that Judge Brimmer said he would have granted a motion to reschedule a hearing had I provided the court with an excuse, appear to suggest that Judge Brimmer may not have heard that the excuse was filed with the court.

9. Notwithstanding the excuse provided to the court, and regardless that the court said it would vacate its June 15, 2007 order had I provided an excuse, the court denied my motion to vacate the entry of default, entered a default judgment against me.

10. It is my position that the entry of default judgment was entered due to a breakdown of communication. Judge Brimmer appeared not to understand that an excuse was filed with the court. Because Judge Brimmer said that had the court received a viable excuse for my failure to appear to the June 4, 1007 hearing he would have vacated the June 15, 2007 order denying my motions then pending, substantial grounds exist for the court to reconsider, vacate and set aside the order of entry of default judgment, as well the clerk's entry of default as well as the June 15, 2007 order, and to reschedule a motions hearing on my motion to quash.

Wherefore, on grounds herein stated, I move the court to reconsider, vacate and set aside its order entering default judgment, and to vacate and set aside both the clerk's

entry of default and its order of June 15, 2007, and to reschedule a motion's hearing to hear my motion to quash.

Dated this __8th__ day of January, 2008

*Jane Joyce Rice*
Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, Wyoming

Jane Joyce Rice

9 Pleasant Valley Lane
Sheridan, Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN - 9 2008

Stephan Harris, Clerk
Cheyenne

### UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Jane Joyce Rice; Water Garden, Inc.;
Perpetual Legacy Corp.; Carte Blanche
Trust; & Newport Pacific Trust Co, Ltd;

Defendants,

**CERTIFICATE OF SERVICE**

Civil No. 07CV019-B

I HEREBY CERTIFY that on January 8th 2008, a copy of the MOTION TO RECONSIDER, VACATE AND SET ASIDE DEFAULT JUDGMENT AND CLERK'S ENTRY OF DEFAULT was deposited in the United States Mail addressed to:

Nicholas Vassallo
Assistant United States Attorney
P.O. Box 668
Cheyenne Wyoming, 82003

*Jane Joyce Rice*