JOHN R. GREEN
Interim United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming  82003

MICHAEL G. PITMAN (*Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone (202) 305-7938
Facsimile (202) 307-0054

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>        v.<br><br>Jane Joyce Rice, *et al.*,<br><br>    Defendants. | Civil No. 2:07-cv-19-CAB |

### UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT JANE JOYCE RICE

The United States, by its undersigned counsel, pursuant to Fed. R. Civ. P. 55(b), hereby moves this Court to enter default judgment against Defendant Jane

Joyce Rice ("Jane Rice").

## BACKGROUND

The United States commenced this action on January 19, 2007, *see* Doc. # 1, and personal service of process upon Jane Rice was completed on February 14, 2007.  *See* Doc. # 7.  On March 20, 2007, Jane Rice filed a Motion to Quash Service of Process and Motion to Dismiss.  *See* Doc. # 9.  On April 13, 2007, the Magistrate Judge issued a Report and Recommendation denying the Motion to Quash Service of Process and Motion to Dismiss, *see* Doc. # 13, which the Court adopted on June 15, 2007.  *See* Doc. # 28.  Upon the denial of her motion to dismiss, Jane Rice became obligated to file a timely responsive pleading.  *See* Fed. R. Civ. P. 12(a)(4)(A).  When she failed to do so, the United States filed a motion for entry of default against Jane Rice, *see* Doc. # 49, and default was entered by the Clerk of Court on December 4, 2007.  *See* Doc. # 50.  On December 13, 2007, Jane Rice filed a motion to vacate the Clerk's entry of default.  *See* Doc. # 52.  On January 4, 2008, the Court held a hearing on several outstanding motions, including Jane Rice's motion to vacate the Clerk's entry of default, at which the Court denied Jane Rice's motion to vacate.  *See* transcript of January 4, 2008 motions proceedings before the Honorable Clarence A. Brimmer, attached as Exhibit 1, at 25:11-25:14.

## ARGUMENT

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party may be defaulted. Once such a default occurs, a party seeking affirmative relief may move for default judgment. *See* Fed. R. Civ. P. 55(b). The entry of default judgment is committed to the District Court's sound discretion. *See, e.g., Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). Here, the entry of default judgment against Jane Rice is justified because the United States has presented unrebutted evidence that the tax assessments at issue are correct, and because Jane Rice insists on advancing legal positions that have been unequivocally rejected by the United States Court of Appeals for the Tenth Circuit, and refuses to file an Answer or to raise any meaningful defense.

The status of the tax assessments against Jane Rice as of March 1, 2008 are reflected in the following chart:

| TAX YEAR | ASSESSMENT DATE | TAX ASSESSED | PENALTIES[1] & FEES | ACCRUED INTEREST | (CREDITS)[2] | TOTAL |
|---|---|---|---|---|---|---|
| 1995 | 4/30/01 | $127,391.00 | $67,049.98 | $209,974.42 | ($35,791.79) | $368,623.61 |
| 1996 | 4/23/01 | $266,024.00 | $140,565.63 | $419,699.74 | ($1,187.40) | $825,101.97 |
|  |  |  |  |  |  | $1,193,725.58 |

*See* Declaration of Maureen Neal, attached as Exhibit 2 ("Neal Declaration"), at ¶ 5. Accordingly, the outstanding balance of the assessed amounts, the accrued interest, penalties, fees, and applicable statutory additions was $1,193,725.58, as of March 1, 2008. *See id*. The IRS has given notice of these assessments and made demand for payment to Jane Rice, but these amounts have not been paid. *See* Complaint at ¶¶ 16-17; Neal Declaration at ¶ 4, and Exhibits A & B thereto.

The assessments against Jane Rice are supported by the Forms 4340 (also known as Certificate of Assessments and Payments) for the tax periods at issue, submitted as Exhibits A and B to the Neal Declaration. Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are "sufficient to establish the propriety of tax assessments in the absence of conflicting evidence." *United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007)

---

[1] 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654 penalties were assessed for both relevant tax years.
[2] The credits consist of withholding credits, estimated tax payments, and payments received from a continuing levy on Jane Rice's social security benefits.

(citing *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003); *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981)); *see also Guthrie v. Sawyer*, 970 F.2d 733, 737-38 (10th Cir. 1992); *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992).

Here, Jane Rice has failed to present any evidence suggesting that the tax assessments at issue are incorrect. Instead, she has obstinately argued that the District of Wyoming is somehow distinct from the State of Wyoming, that the Court's jurisdiction does not extend to the State of Wyoming as opposed to the District of Wyoming, that the "United States" is somehow distinct from the "United States of America," that 26 U.S.C. § 7402(e) does not grant the Court subject matter jurisdiction because this is not an action to quiet title, that the chief counsel of the IRS lacks the capacity to foreclose on property that is not within the District of Columbia or possessions and territories of the United States, and that the Court lacks subject matter jurisdiction because the United States lacks capacity to initiate an action against a non-citizen of the United States. *See* Verified Motion to Quash Service of Process and to Dismiss, filed on March 20, 2007 (Doc. # 9); Memorandum in Support of Verified Motion to Quash Service of Process and to Dismiss, filed on March 28, 2007 (Doc. # 10); Amended Verified Motion to Quash Service of Process and to Dismiss, filed on April 18, 2007 (Doc. # 14); Supplemental to Amended Verified Motion to Quash Service of Process

and to Dismiss, filed on May 14, 2007 (Doc. # 22); Exhibit 1, 2:19-10:16.  These arguments track familiar tax protester claims, and, as discussed in the Magistrate Judge's April 13, 2007 Report and Recommendation as well as the Court's June 15, 2007 Order, they are without merit.[3]  Despite the fact that she has been given several opportunities to present a meritorious defense do so, Jane Rice has steadfastly refused to do so.  *See* Exhibit 1, 14:25-15:12; 16:13-17:21.  Accordingly, since Jane Rice is unable or unwilling to advance any meaningful defense, the United States is entitled to default judgment in this matter and the assessments should be reduced to judgment in the amount of $1,193,725.58, plus statutory interest accruing from March 1, 2008.

---

[3] *See United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir. 2007) ("[Defendant] claims that the federal district court for the Eastern District of Oklahoma is incapable of acting by Article III judicial powers within the State of Oklahoma's sovereign territory and without the federal zone. . . . We rejected this 'hackneyed tax protester refrain' 17 years ago in *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990), and we do so again today.") (citations and quotations omitted); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves.") (citing *Brushaber v. Union Pac. R. Co.*, 240 U.S. 1, 12-19 (1916)); *Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990); *see also Gallegos v. Comm'r*, 150 Fed. Appx. 846, 847-48 (10th Cir. 2005) (unpublished) ("[T]he federal government's taxation power is not limited to the District of Columbia or other federal enclaves. . . . All citizens of the United States are liable for income taxes, and every person born in the United States is a citizen of the United States."); *United States v. Lyman*, 166 F.3d 349, at *3 (10th Cir. 1998) (unpublished); *Cox v. Comm'r*, 99 F.3d 1149, at *2 (10th Cir. 1996) (unpublished) ("For eighty years, the Supreme Court has recognized that the Sixteenth Amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves.") (citations and quotations omitted); *United States v. Christensen*, 961 F.2d 221, at **2-3 (10th Cir. 1992) (unpublished).

- 7 -

Respectfully submitted this 12th day of March, 2008.

                                                  JOHN R. GREEN
Interim United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming  82003
Telephone: (307) 772-2124

s/ Michael G. Pitman
MICHAEL G. PITMAN (*Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 305-7938
Facsimile: (202) 307-0054
Michael.G.Pitman@USDOJ.gov