**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker              Douglas E. Cressler
Clerk of Court        March 25, 2008        Chief Deputy Clerk

Ms. Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, WY 82801

**RE:**     **08-8021, In re: Rice**
            Dist/Ag docket: 2:07-CV-00019-CAB

Dear Rice:

A petition for extraordinary writ of prohibition was docketed today.

You will be notified of any further action by the court.

Please contact this office if you have questions.

                                        Sincerely,

                                        *Elisabeth A. Shumaker*

                                        Elisabeth A. Shumaker
                                        Clerk of the Court


cc:     Michael G. Pitman
        Nicholas Vassallo



**Jane Joyce Rice**
**9 Pleasant Valley Lane**
**Sheridan, Wyoming 82801**

## UNITED STATES CIRCUIT COURT
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| **In RE Jane Joyce Rice,** **United States District Court** **Civil Case No. 07CV019-B** | |
| **Jane Joyce Rice,** **Petitioner,** **v.** **United States District Court for the District of Wyoming;** **Defendants,** | **Verified Petition for Writ of Prohibition** Civil No. 08-8031 |
| **United States of America,** **Claimed Real Party in Interest** | |

Petitioner Jane Joyce Rice, in her private capacity as a natural born Wyoming Citizen, brings this original proceeding under Article III Section 2 of the Constitution for the United States, and pursuant to FRAP 21(a) for the appropriate extraordinary writ stating as grounds for such as follows:

1. Issue Presented:

   a. Whether the District court is acting beyond the scope of its jurisdiction or otherwise abusing it discretion in the proceeding District of Wyoming case of <u>United States of America v. Jane Joyce Rice et.al</u>, Case number: 2:07-cv-00019-CAB while, after ordering the entry of default under Federal Rule of Civil Procedure 55(a), but before entering default judgment under Rule 55(b)(2), it has refused to set aside the default under Rule 55(c) for good cause shown.

**FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THIS PETITION**

2. On February 14, 2007, Jane Joyce Rice ("Rice") was served with process initiated on January 19, 2007 by the U.S. Attorney for the District of Wyoming for the United States of America ("USA") seeking to foreclose on federal tax liens imposed against Rice's property in the State of Wyoming, a non-federal venue.

3. Rice, establishing her capacity and status as a de jure Wyoming Citizen and challenging both the USA's standing, capacity, and jurisdiction to bring the action, and the *in rem* jurisdiction of the court to foreclose on property situated in the state of Wyoming, filed a timely Motion to Quash Service of Process and Dismiss Complaint for want of both personal and subject matter jurisdiction.

4. Though the USA filed an opposition to the Motion to Quash, the response lacked any supportive facts or controlling law demonstrating the USA's capacity, standing and jurisdiction to sue and demonstrating the court's capacity and jurisdiction in the matter of foreclosure relative to property of concern in the complaint situated in the state of Wyoming.

5. On April 13, 2007 a Magistrate's report and recommendation adopting the position of the USA and summarily denying the Motion to Quash Service of Process and to Dismiss Complaint was filed with the court. The report contained no finding of facts or conclusions of law demonstrating either the capacity, standing and jurisdiction of the USA to bring the action against Rice or the in rem jurisdiction of the court to proceed in a foreclosure action against a property situate in the state of Wyoming.

6. On April 18, 2007 Rice filed an Amended Verified Motion to Quash Service of Process and to Dismiss.

7. On April 27, 2007 USA filed an OPPOSITION to Motion to Quash and Dismiss.

8. On May 11, 2007 Rice filed a Notice of Nullity objecting to Magistrate's Report and Recommendations on grounds of the lack of jurisdiction of the Magistrate.

9. On May 14, 2007 Rice filed a supplemental to her amended verified motion to quash service of process and dismiss together with a Motion for a More Definite Statement. On May 29, 2007 Rice filed a Second Amended Verified MOTION to Quash.

10. On Monday June 4, 2007 a hearing on pending motions was convened at Cheyenne, Wyoming before the Honorable Clarence A Brimmer. Rice was unable to attend the hearing due to physical incapacitation—Rice had suffered a hematoma and had been transported by ambulance to Saint Vincent's Hospital in Billing's Montana for an emergency treatment of a hematoma commenced simultaneously with the hearing. The minutes of the hearing reveal that the court denied the motion to quash by adopting the magistrates report and recommendation. On June 15, 2007 the Honorable Clarence A Brimmer entered an ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DENYING OUTSTANDING MOTIONS.

11. On or about June 20, 2007, Rice, having yet to hear from the court relative to the June 4, 2007 hearing contacted the court by phone to find out what happened. The court informed her that an order was entered June 15, 2007. The docket, item 28 does not reflect that a copy of the order was sent to Rice.

12. In the clear absence of specific findings of fact and conclusions of law in the magistrates report and recommendation supporting USA capacity, standing and jurisdiction, and the Court's in rem jurisdiction, it appears that Rice's motions were not denied on the merits of jurisdiction, but rather considered abandoned pursuant to local court rules. As a result of the court construing her motions and arguments thereof as abandoned, but for the motions to quash and supporting memorandums the record is otherwise silent relative to Rice's position pertaining to the lack of jurisdiction of the USA to bring the action and the court's lack of in rem jurisdiction over Rice's property.

13. Due to her emergency transport, hospitalization, and treatment for hematoma, and the fact that she was acting pro-se in the matter, Rice did not notify the court of the reason for her absence until after the hearing, when on June 28, 2007 she filed a NOTICE to the court informing the court of the reason for her absence at the June 4, 2007 hearing. Accompanying this NOTICE was a MOTION TO VACATE AND SET ASIDE THE ORDER DENYING MOTIONS AND TO RESCHEDULE HEARING together with an OBJECTION to and MOTION TO RECONSIDER THE DENIAL OF HER MOTION TO QUASH AND FOR FINDINGS OF FACT AND TO CERTIFY THE QUESTION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. 1292(B).

14. On November 30, 1007 a MOTION for Entry of Default against Rice was filed by the USA. On December 4, 2007 the Clerk of Court filed an ENTRY OF DEFAULT against Rice. Rice received no notice of the USA's Motion for entry of default until receiving its motion on the day the clerk made an entry of default in the record.

15. On December 13, 2007 Rice filed a MOTION to Strike USA's Motion for Entry of Default, and a MOTION to Vacate, Set Aside, and Void Clerk's Entry of Default on grounds that the entry was unwarranted as Rice was in fact not in default as there were outstanding motions pending before the court.

16. On January 4, 2008, a Hearing on the Pending Motions was commenced. During the course of the hearing there appeared to be a total breakdown of communication. Although Rice called the attention to the court to her motions filed subsequent to the June 15, 2007 order, namely, 1) the Notice of excuse for her absence, 2) the motion to vacate and set aside the June 15 order, 3) the motion to reconsider the judgment, and 4) the motion for finding of fact and conclusion of law and to certify the question for interlocutory appeal, the court appeared either not to understand or to outright disregard what she was saying. See Transcript of January 4 Hearing page 21, line 19 through page 22 line 20. Notwithstanding her insistence that a notice as to the reason for her absence at the

June 4, 2007 hearing was filed with the court, Judge Brimmer countered saying, "Well, I've gone through this file and I haven't seen anything that indicated that you told the court, namely me, that you were in the hospital and unable to respond and asked for more time," (see January 4 Transcript page 13, lines 1-23) and found that "Ms. Rice has not presented the Court with any suitable legal reason for not having appeared, that she has had time since the entry of the order of June 15th to seek reconsideration on the ground that she was in the hospital at the time she defaulted before the Court, and that would have been a good ground for an extension of time but you haven't asked for it." see January 4 Transcript page 25 lines 3-10.

17. During the hearing Judge Brimmer admitted that he "forgot to put my hearing aid in and I am without it so you've got to speak a little louder." See Hearing Transcript page 18, lines 8-12.

18. Notwithstanding the explicit NOTICE to the court of the reason for her absence at the June 4, 2007 hearing accompanied with a Motion to Vacate and Set Aside Order denying her Motions and to Reschedule Hearing together with an OBJECTION to and MOTION to reconsider the denial of her Motion to Quash and for findings of fact and to certify the question for interlocutory appeal pursuant to

28 U.S.C. 1292(b), Judge Brimmer sanctioned the clerk's entry of default, denied all motions, and directed the USA to prepare an order of foreclosure.

19. On January 9, 2008, Rice filed a timely MOTION to "Reconsider, Vacate and Set Aside Default Judgment and Clerk's Entry of Default." USA has made no response to the motion. The court has not ruled on the motion.

20. An order of foreclosure has been prepared and tendered by the USA on March 12, 2008. To date, the judgment of the District court has not been entered and therefore not been made final for appeal.

**REASONS WHY THE WRIT SHOULD ISSUE**

21. Although the dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties, See <u>Action S.A. v. Marc Rich & Co.</u>, 951 F.2d 504, 507 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992); <u>Traguth v. Zuck</u>, 710 F.2d 90, 94 (2d Cir.1983), such discretion is nonetheless not unlimited; Circuit courts have reversed this exercise, even where the abuse was not glaring. See <u>Davis v. Musler</u>, 713 F.2d 907, 913 (2d Cir.1983); Traguth, 710 F.2d

at 94; accord <u>Bridoux v. Eastern Air Lines, Inc.</u>, 214 F.2d 207, 210 (D.C.Cir.), cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954).

  22. It is Rice's position that the Writ should issue because a) the entry of default was improper as it was entered notwithstanding the want of standing, capacity and jurisdiction of the USA to bring the action and the want of in rem jurisdiction of the court; b) Rice has shown good cause for the entry of default not to have been entered in the first place;  c) The record may not sufficiently reflect her argument that the USA lacks standing, capacity and jurisdiction and the District court lacks jurisdiction in the proceedings of concern herein due to the likelihood that her motion to quash was deemed abandoned under local rules due to her inability to appear and defend the same at the appropriate time; d) the clerk's entry of default was unwarranted as the USA was not entitled to an entry of default as the outstanding pending motions evidence that Rice has not willing failed to defend in this matter; d) the District Court has abused its discretion by denying Rice's motion to set aside the clerk's entry of default and ordering the USA to prepare the final order of default judgment for the court notwithstanding good cause shown as to why the entry of default should be vacated; e) The District Court has and is exercising judicial or quasi-judicial power unauthorized by law and that

the denial of the writ will cause injury to Rice for which no other adequate remedy in the ordinary course of law exists.

Wherefore, Rice requests this court to enter an order directing the lower court to show cause why a writ of prohibition or other appropriate mandate or remedy should not issue from this court for causes stated herein.

### VERIFICATION

I, Jane Joyce Rice, being competent to testify declare under penalty of perjury under the laws of the United States of America that the facts stated herein are true and correct.

Dated March 24, 2008

                                              Jane Joyce Rice
                                              9 Pleasant Valley Lane
                                              Sheridan, Wyoming 82801

### CERTIFICATE OF SERVICE

I certify on that on the 24 of March, 2008 a copy of the foregoing Petition was deposited in the United States mail addressed to the following:

Nicholas Vassallo
Assistant United States Attorney
P.O. Box 668

The Honorable Clarence Brimmer
Joseph C. O'Mahoney Federal Center, Cheyenne
2120 Capitol Avenue, 2nd Floor
Cheyenne, WY 82001-3658

```
                                                             FILED
                                                        U S DISTRICT COURT
                                                        DISTRICT OF WYOMING

                                                           APR 13 2007
```

### IN THE UNITED STATES DISTRICT COURT

Stephan Harris, Clerk
Cheyenne

### FOR THE DISTRICT OF WYOMING

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | Civil No. 07-CV-19-B |
| JANE JOYCE RICE; WATER GARDEN, | ) |  |
| INC.; PERPETUAL LEGACY CORP.; | ) |  |
| CARTE BLANCHE TRUST; & | ) |  |
| NEWPORT PACIFIC TRUST CO., LTD., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### REPORT AND RECOMMENDATION DENYING JANE JOYCE RICE'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT

The above-entitled matter, having come before the Court on Jane Joyce Rice's Motion to Quash Service of Process and Dismiss Complaint, and the Court having carefully considered the motion, and response thereto, and being fully advised in the premises, FINDS:

1.  This case originally comes before the Court on plaintiff's action to reduce to judgment federal tax assessments against defendant, Jane Joyce Rice, and to foreclose federal tax liens against defendant's principal residence, royalty interest in mineral rights, undivided one-half interest in a 118.32 acre parcel of unimproved ranch land, and personal motor vehicle.

2.  In the instant motion, defendant Jane Joyce Rice, requests that the Court quash the service of process and dismiss this complaint with prejudice. Defendant argues this Court lacks jurisdiction since defendant is "not a 'citizen' of the United States..." rather defendant is a citizen of

Wyoming. Additionally, defendant argues this Court lacks subject matter jurisdiction as the source of defendant's "revenues for the years of concern in the complaint were not U.S. constitutional sources within U.S. constitutional venues subject to the exclusive legislative jurisdiction of the Congress of the United States, but rather sources subject to the exclusive legislative jurisdiction of the state of Wyoming." Defendant also argues improper venue since the property at issue is not subject to the exclusive legislative jurisdiction of the United States, and argues that service of process was ineffective since defendant was served within the state of Wyoming, not the federal district of Wyoming.

3.     Plaintiff opposes defendant Jane Joyce Rice's motion, and requests that said motion be denied. Plaintiff argues there is no basis for dismissal under Rule 12, since plaintiff need only make a prima facie showing of jurisdictional facts. Plaintiff argues defendant's jurisdictional arguments are meaningless since 28 U.S.C. § 131 and 26 U.S.C. § 1340, 1345, and 7402 grant jurisdiction over this matter. Plaintiff also argues venue is proper since a substantial part of the property that is subject of the action is situated in Wyoming, the tax accrued in Wyoming, and defendant's residence is in Wyoming. Additionally, plaintiff argues defendant's insufficiency of service argument is baseless since the District of Wyoming contains the entire State of Wyoming. Further, plaintiff argues the claims were timely since they were filed before April, 2011, pursuant to 26 U.S.C. § 6502. Finally, plaintiff argues defendant's argument that she is immune from federal taxation because she is a citizen of the State of Wyoming and not the United States is frivolous and has been universally rejected.

4.     To begin, the Court notes that plaintiff bears the burden of establishing subject matter jurisdiction and personal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377

2

(1994); *OMI Holdings, Inc. v. Royal Ins,*. Co of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). The Court finds plaintiff has established personal jurisdiction over defendant pursuant to Federal Rules of Civil Procedure Rule 4(k)(1)(A) which states "service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." As a Wyoming resident defendant is subject to the jurisdiction of Wyoming state courts, and therefore, this Court has jurisdiction pursuant to Rule 4(k)(1)(A). With regards to subject matter jurisdiction, the Court finds that 26 U.S.C. § 1340, 1345, 7402(a), and 7402(e) each independently grant the Court subject matter jurisdiction over this matter. *See* 26 U.S.C. § 1340 (district courts have jurisdiction over internal revenue matters); 26 U.S.C. § 1345 (district courts have jurisdiction of all civil actions, commenced by the United States); 26 U.S.C. § 7402 (district courts at the instance of the United States have jurisdiction to issue orders and make judgments for the enforcement of the internal revenue laws). Additionally, the Court agrees with plaintiff that defendant's argument that defendant is immune to federal taxation because she is a citizen of Wyoming not a citizen of the United States is frivolous and without merit. *See U.S. v. Cooper,* 170 F.3d 691 (7th Cir. 2006) (defendant appeals, making typical, and wholly frivolous tax-protester arguments, such as that only residents of Washington, D.C., and other federal enclaves are subject to the federal tax laws because they alone are citizens of the United States and that wages are not income because they are compensation for working rather than a pure economic rent. These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared.).

5. With regards to venue, the Court notes that a substantial part of the events giving rise to the claims in the instant action occurred in Wyoming, the property that is the subject to this action is located in Wyoming, and the tax accrued in Wyoming. Therefore, the Court finds venue is proper pursuant to 28 U.S.C. § 1396 and 28 U.S.C. § 1391(b)(2). *See* 28 U.S.C. § 1396 (Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed); 28 U.S.C. § 1391(b)(2) (venue is proper in a civil action wherein jurisdiction is not founded solely on diversity of citizenship in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated). Consequently, venue is proper in the United States District Court for the District of Wyoming.

6. The Court also finds defendant's argument that service was improper since she was served in the State of Wyoming, and not in the District of Wyoming without merit. The District of Wyoming includes the entire State of Wyoming. *See* 28 U.S.C. § 131 (Wyoming and those portions of Yellowstone National Park situated in Montana and Idaho constitute one judicial district).

7. Finally, the Court finds plaintiff's claims are governed by 26 U.S.C. § 6502, which provides that where the assessment of any tax imposed by this title has been made, such tax may be collected within ten years after the assessment of the tax. Since the earliest assessment at issue occurred in April, 2001, the Court finds plaintiff's claims were timely.

4

NOW, THEREFORE, IT IS RESPECTFULLY RECOMMENDED that Jane Joyce Rice's Motion to Quash Service of Process and Dismiss Complaint, be DENIED. Any party may serve and file written objections with the District Court within ten days of being served with a copy of this Report and Recommendation. *See*, 28 U.S.C. § 636(b)(1).

Dated this 13th day of December, 2007.

William C. Beaman, United States Magistrate Judge

*notice date it was April*

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK

2120 CAPITOL AVE, ROOM 2141
CHEYENNE, WY 82001

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE

Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, WY 82801

1st mailing never reached me. I requested this copy in May upon learning it existed.

Rec'd May 4, 2007