FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

**JUN 1 5 2007**

Stephan Harris, Clerk
Cheyenne

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CR-19-B |
| | ) | |
| JANE JOYCE RICE; WATER GARDEN, | ) | |
| INC.; PERPETUAL LEGACY CORP.; | ) | |
| CARTE BLANCHE TRUST; & NEWPORT | ) | |
| PACIFIC TRUST CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING OUTSTANDING MOTIONS**

This matter came before the Court at a hearing on June 4, 2007, on several outstanding motions filed by Plaintiff Jane Joyce Rice. The Court waited for nearly an hour, but the Plaintiff, who is representing herself, did not appear for the hearing. Nicholas Vassallo appeared in person for the Government and Michael G. Pitman appeared by phone for the Government. After considering the motions and the arguments of the parties, the Court finds as follows:

On January 19, 2007, the Government filed this action to reduce to judgment federal tax assessments against Jane Joyce Rice, and to foreclose federal tax liens against Rice's residence,

royalty interest in mineral rights, undivided one-half interest in a 118.32 acre parcel of unimproved ranch land, and a personal motor vehicle.

On March 20, 2007, Plaintiff filed a motion to quash service of process and motion to dismiss.    The Magistrate Judge issued a Report and Recommendation denying the motions.    Plaintiff filed amended motions to quash service and to dismiss on April 18, 2007, and filed a supplement to the motions on May 14, 2007.   She filed a second amended motion to quash on May 29, 2007.

The Court finds that the Magistrate Judge's Report and Recommendation denying Plaintiff's motion to quash and motion to dismiss should be adopted for the reasons set forth by the Magistrate Judge.   The Court also finds that each of Plaintiff's successive motions to quash and motions to dismiss should be denied.    The Court agrees with the Magistrate Judge and the Government that the Plaintiff was properly served, that venue is proper, and that the United States has ten years to collect the Plaintiff's taxes under 26 U.S.C. § 6502.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation Denying Jane Joyce Rice's Motion to Quash Service of Process and Dismiss Complaint is adopted and

2

the Plaintiff's motions are DENIED.

IT IS FURTHER ORDERED that each of Plaintiff's remaining

outstanding motions are DENIED.

Dated this _____ day of June, 2007.

Clarence A. Brimmer
United States District Judge

3

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

------------------------------------------------------------

UNITED STATES OF AMERICA,

       Plaintiff,              Case No. 07-CV-019-B

       vs.                  Cheyenne, Wyoming
                             January 4, 2008
JANE JOYCE RICE,          10:45 a.m.

       Defendant.

------------------------------------------------------------

TRANSCRIPT OF MOTION PROCEEDINGS

BEFORE THE HONORABLE CLARENCE A. BRIMMER
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:      MR. MICHAEL G. PITMAN
                     Trial Attorney
                     U.S. DEPARTMENT OF JUSTICE
                     Tax Division
                     P.O. Box 683
                     Washington, D.C.  20044

For the Defendant:      MS. JANE RICE
                     Pro Se
                     9 Pleasant Valley Lane
                     Sheridan, Wyoming  82801

Court Reporter:         Ms. Janet Davis, RMR, FCRR
                     Federal Official Court Reporter
                     2120 Capitol Avenue, Room 2228
                     Cheyenne, Wyoming 82001
                     (307)635-3884

1                    P R O C E E D I N G S

2        (Motion proceedings commenced

3        10:45 a.m., January 4, 2008.)

4            THE COURT:  Good morning, ladies and gentlemen.  This

5    is the case of the United States versus Jane Joyce Rice; Water

6    Garden, Incorporated; Perpetual Legacy Corporation; Carte

7    Blanche Trust and Newport Pacific Trust Company, Limited.  And

8    we have the motions of Miss Rice to set aside the clerk's entry

9    of default and for reconsideration of the motion to quash

10   service.

11           So I will be glad to hear you, Mrs. Rice.

12           MS. RICE:  May I come forward?

13           Thank you, Judge Brimmer.  I have some statements I

14   would like to make.  Could I give you a copy?

15           Would it be all right to give him a copy of what I'm

16   going to say here?

17           I have a copy of what I have got prepared here that I

18   could give to you if you would like.

19           Number one, for the record, my name is Jane Joyce

20   Rice.  My appearance at this hearing is special rather than

21   general for the purpose of making a verbal record of this

22   Court's lack of both in personam jurisdiction over me and

23   in rem jurisdiction over the property of concern in the

24   complaint.

25           Two, for the record, I declare my character as an

1    American citizen.  I was born at Sheridan within the sovereign

2    Wyoming state which is within neither a federal state or

3    enclave.  This declaration is made in writing by affidavit

4    provided to this Court together with my motion to quash.

5            Three, for the record, I distinguish my character and

6    status by declaring once again that I am not a U.S. citizen

7    subject under the Fourteenth Amendment or as identified by the

8    cases historically known as the Insular cases or as defined in

9    Title 26 of the Code of Federal Regulations in

10   Section 1.1-1(a)(2).  I am not a, quote, taxpayer, end quote,

11   as that term is defined by Title 26 of the United States Code.

12           Four, for the record, no administrative remedy is

13   provided nor form provided or made available to me relative to

14   the plaintiff's claims as all administrative procedures

15   otherwise provided are for, quote, taxpayers, end quote, as

16   that term is defined by Title 26 of the United States Code and

17   do not apply to nontaxpayers.

18           Five, for the record, this district court, a

19   territorial court under Article 1 of the United States

20   Constitution, as distinguished from a constitutional court

21   under Article III, is a legislative court, a congressional

22   creation of 28 U.S.C. Section 132 under the direct control of

23   Congress and is unable to provide me a remedy in this instance.

24           Six, this district court, a court of limited, as

25   distinguished from general, jurisdiction is unable to access

1    the impartiality needed to determine my status and character.

2    In this regard, I notice this Court of Judge Leavy's decision

3    and comments in Cochran versus Paul and Tacoma Lumber Company,

4    73 Federal Supplement 288.

5         Seven, to demonstrate that U.S. District Courts are

6    incapable of providing an impartial tribunal, I quote from

7    Judge Wyzanski's decision in Lord versus Kelly et al., 240

8    Federal Supplement 167, 1965, where he said, and I quote, "More

9    than once the judges of a court have been indirectly reminded

10   that they personally are taxpayers.  No sophisticated person is

11   unaware that even in this very commonwealth the Internal

12   Revenue Service has been in possession of facts with respect to

13   public officials which it has presented or shelved in order to

14   serve what can only be called political ends, be they high or

15   low.  And a judge who knows the score is aware that every time

16   his decisions offend the Internal Revenue Service, he is

17   inviting a close inspection of his own returns," end quote by

18   Judge Wyzanski.

19        Eight, for the record, the language of the Declaratory

20   Judgment Act -- declaratory -- I said that wrong -- Judgment

21   Act, Title 28, Section 2201, expressly precludes a federal

22   court from granting declaratory relief in federal tax cases.

23   Because a United States District Court is prohibited by this

24   act from providing a remedy where the underlying issues involve

25   Title 26 or its implementing regulations, this Court cannot

1    decide the legal relations or rights of the parties in this

2    dispute.

3            See, for example, Willis versus Alexander, 575 Federal

4    2d 495, Fifth Circuit, 1978; and West Chester Feed and Supply

5    Company versus Erwin, 438 Federal 2d 929, Sixth Circuit, 1971;

6    and Red Star Yeast and Products Company versus LaBudde, 83

7    Federal 2d 394, Seventh Circuit, 1936.

8            Nine, for the record, this district court has no

9    capacity to recognize my character or status or to provide me

10   with adequate remedy.  While the Anti-Injunction Act,

11   26 U.S.C. Section 7421, does not specifically prohibit me, a

12   nontaxpayer, from seeking an injunction against the United

13   States, the Declaratory Judgment Act bars federal district

14   courts from determining my lawful character, relations and

15   rights juxtaposed to those of the plaintiff in matters of

16   federal taxation.

17           Ten, my conclusion relative to remedy in this

18   instance, Congress, by way of the Anti-Injunction Act, coupled

19   with the Declaratory Judgment Act, has effectively barred any

20   relief under Title 28 U.S.C. which only governs remedies or

21   lack thereof for U.S. citizen subjects while providing no

22   remedy for me, a native born American non-U.S. citizen subject.

23           Eleven, a metaphor best describing the circumstance I

24   am describing is this is a tribal court and I am not a member

25   of the tribe.

1         Twelve, for the record, in support of my motion to

2    reconsider or for findings of fact and conclusions of law or to

3    certify for appeal the denial of my amended motion to quash, I

4    say:  One, this Court lacks in rem jurisdiction to foreclose on

5    real or personal property in Wyoming not situate in a federal

6    enclave or territory of the United States.

7         THE COURT:  Now, you must define for me what you

8    regard as a federal enclave.

9         MS. RICE:  Federally owned land within a state that

10   has been signed over.

11        THE COURT:  The only enclave of federal jurisdiction

12   that I am aware of that's anywhere close to us here is the

13   Warren Air Base, but, of course, another one that readily comes

14   to mind is the Wind River Indian Reservation.  Those are both

15   federal enclaves.

16        Now, is it your contention that the only way you could

17   have been served with process from this court was on a federal

18   enclave such as the Indian reservation or the air base?

19        MS. RICE:  No.

20        THE COURT:  Well, you go ahead and tell me what your

21   argument is, then.

22        MS. RICE:  What they are attaching is not under the

23   U.S. federal government ownership.

24        THE COURT:  So you're saying that the United States

25   could only enforce its tax laws against property in a federal

Page 7

1    enclave?

2              MS. RICE:  What I would like you to do, sir, is to

3    look into the information that we have and you will find it.

4              THE COURT:  Well, I'm still not sure I understand what

5    your argument is, but I will let you go ahead and explain it.

6              MS. RICE:  Thank you.

7              I will repeat the number one:  This Court lacks in rem

8    jurisdiction to foreclose on real or personal property in

9    Wyoming not situate in a federal enclave or territory of the

10   United States.  That refers to the U.S.C.

11             Two, this Court lacks subject matter jurisdiction

12   under 26 U.S.C. 7402(e) as this is not an action to quiet title

13   and no facts were pled in the complaint as such.  That's

14   referring to some of the other papers.

15             Three, this Court lacks jurisdiction over the subject

16   matter under 28 U.S.C. Sections 1340, 1345 and 26 U.S.C.

17   7402(a) on ground that the chief counsel of the IRS lacks the

18   capacity and standing to foreclose on property not in

19   territories or enclaves of the United States as the scope and

20   purview of his power is statutorily -- statute -- statutorily

21   limited to cases, actions, territory and property within the

22   exclusive legislative jurisdiction of the United States, i.e.,

23   within the District of Columbia, possessions and territories of

24   the United States.  See paragraphs 3(b), 3(c), 5(i) and 9 of my

25   amended motion.

1          THE COURT:  Now, why do you say that?

2          MS. RICE:  The law says that, sir.

3          THE COURT:  The definitions of the jurisdiction of

4    this court have been that the COURT has jurisdiction of matters

5    involving a question of federal law, or in civil cases they

6    have jurisdiction of diversity cases between citizens of

7    different states involving an amount of over 75,000.

8          So in that sense, the Court is of limited jurisdiction

9    and its cases must arise under the federal laws.  But a tax

10   case, which yours is, arises under the federal tax laws.  So I

11   think under those circumstances the Court would have

12   jurisdiction.

13         MS. RICE:  According to this number three, to me that

14   explains it.

15         May I go on, sir?

16         THE COURT:  Yes, of course.

17         MS. RICE:  Four, this Court lacks subject matter

18   jurisdiction due to the plaintiff's lack of capacity to

19   initiate an action against someone other than a U.S. citizen

20   subject, see paragraph 8, et seq. of my amended motion.

21         Now, this is my argument.  Without opposition by the

22   plaintiff to my position that this court lacks both in personam

23   and in rem jurisdiction, the Court summarily rejected my

24   position without providing findings of fact and conclusions of

25   law supporting its denial.  On none of the issues did the Court

1  cite controlling authority to reject my status and supporting

2  arguments.

3       Rather, the Court merely adopted the Magistrate's

4  report which restated the plaintiff's misuse of U.S. V Cooper,

5  170 Federal 3d 691, a Seventh Circuit case that is neither

6  controlling nor on point to the issues raised in my motion to

7  quash.  This may be because there is no decision in the Tenth

8  Circuit directly on point.

9       On the issues of whether the chief counsel has

10 standing to authorize this case and whether the Court has

11 in rem jurisdiction to foreclose on real or personal property

12 outside a federal enclave, this Court was silent.

13      Because my position involves controlling questions of

14 law as to which there is substantial ground for difference of

15 opinion, should the Court sustain its order denying my motion

16 to quash, an immediate appeal from the order may materially

17 advance the ultimate termination of this litigation.

18      I, therefore, ask the Court, should it again deny my

19 motion to quash, that it make findings of fact and conclusions

20 of law and to certify its order for interlocutory appeal.

21      In conclusion, my motions to quash set forth

22 controlling questions of law as to the jurisdiction to which

23 there is substantial ground for difference of opinion.  Since

24 any one of the arguments that I raised would materially advance

25 the ultimate termination of this case, I contend that

1    certification fulfills the second requirement under 28 U.S.C.

2    Section 1292(b).

3         Lastly, I add that an immediate appeal would

4    facilitate the resolution of these issues.  A decision by the

5    Tenth Circuit Court of Appeals would protect other Wyoming

6    citizens from claims outside the jurisdiction of the United

7    States.  A decision by the appellate court on the topics would

8    be beneficial in determining the course of future litigation on

9    these positions.

10        For these reasons, as well as the reasons stated in my

11   motion to quash, I move this Court to reverse itself and grant

12   my motion to quash, or, in the alternative, to make findings of

13   facts and conclusions of law in support of its denial of my

14   motion to quash and to certify the issues for interlocutory

15   appeal.

16        That is all I have.

17        THE COURT:  Anything further?

18        I've got a couple of questions for you, Mrs. Rice.

19        First, you are obviously a resident of Sheridan

20   County; is that correct?

21        MS. RICE:  Yes.

22        THE COURT:  And have been for many, many years?

23        MS. RICE:  Yes.

24        THE COURT:  Very well.  And you are a United States

25   citizen also, are you not?

1          MS. RICE:  Yes, under the status that is in my

2     explanation.

3          THE COURT:  And were you served with process, that is,

4     a summons issued by this court after the case was first

5     brought?

6          The Government filed the action on January 19th, 2007

7     to reduce to judgment the federal tax assessments.  Were you

8     served with notice of that filing?

9          MS. RICE:  On February 14th.

10         THE COURT:  On February 14th.  All right.

11         And then am I correct in my understanding that you

12    didn't do anything about it?

13         MS. RICE:  No, we replied to it and you have all of

14    that information.

15         THE COURT:  You didn't --

16         MS. RICE:  We have done everything properly.

17         THE COURT:  You didn't reply to it in any way?

18         MS. RICE:  I have a whole file and I don't have it

19    with me.

20         THE COURT:  Is this not the first time that you have

21    appeared in the United States District Court for the District

22    of Wyoming?

23         MS. RICE:  Yes, sir.  I was called in last June.

24         THE COURT:  All right.  And you heretofore filed a

25    motion to quash service of process as well as a motion to

Page 12

1    dismiss, and I understand that you did not appear before the

2    Magistrate in any way either.

3              MS. RICE:  I was not called to appear before the

4    Magistrate.

5              THE COURT:  All right.  And consequently, the

6    Magistrate ended up denying your motion to quash and your

7    motion to dismiss and recommended to this Court that it find

8    that you were properly served, that there was venue in this

9    case, and that the actions of the United States were to collect

10   the taxes that you owed, and, therefore, it recommended that I

11   deny your motions, which I have done.

12             Tell me this:  Did you receive notice of that

13   decision?

14             MS. RICE:  The decision that was made in June?

15             THE COURT:  The decision of this Court that the

16   Magistrate -- adopting the Magistrate's recommendations.

17             MS. RICE:  Sir, we have been --

18             THE COURT:  I believe that was filed on June 15th of

19   last year.

20             MS. RICE:  All that has been responded.  There is on

21   file all of the replies, all of the papers.  It is all in the

22   paperwork that has been put in.

23             THE COURT:  All right.  So you did have notice of it?

24             MS. RICE:  There has been a response whenever

25   necessary, sir.

Page 13

1        THE COURT:  Well, Mrs. Rice, was there any reason that

2   you then didn't appear --

3        MS. RICE:  In June, sir?

4        THE COURT:  -- and respond?

5        MS. RICE:  In June?  Are you talking about the June

6   hearing in your court?

7        THE COURT:  Yes.

8        MS. RICE:  I was in Saint Vincent's Hospital in

9   Billings, Montana on that day, and my son reminded me.  He

10  said -- it was the very morning that you were -- I had had an

11  angiogram and gone home to Sheridan, which doesn't have any

12  kind of cardiology treatment, and I had a hematoma and they

13  just didn't do anything to stop it.  And I had to go to

14  Billings, and it was on the very 4th that I was operated on,

15  sir, to save my life.  And I wrote and explained it.  The

16  papers are all here.  There's an explanation here.

17       THE COURT:  Well, I've gone through this file and I

18  haven't seen anything that indicated that you told the Court,

19  namely me, that you were in the hospital and unable to respond

20  and asked for more time.

21       MS. RICE:  We did not do that.  We sent in an

22  explanation.  After I got out of the hospital it was sent in.

23  And I saw that paper last night.  I have it in my briefcase.

24       THE COURT:  Well, Mrs. Rice, the courts of this

25  country, including this court, operate on a system of

Page 14

1    deadlines.  You either respond by a certain time or you are

2    defaulted.  Were you aware of this?

3              MS. RICE:  Yes, we were.  And I don't know --

4              THE COURT:  Well, then why --

5              MS. RICE:  -- I was incapacitated where I couldn't do

6    anything about it, and I had --

7              THE COURT:  Well, why didn't you do anything about it?

8              MS. RICE:  Sir, I was in the hospital from May 29th

9    on.  And I suppose I could have called the Court from there,

10   but it did not enter my mind.

11             THE COURT:  When did you get out of the hospital.

12             MS. RICE:  Sir?

13             THE COURT:  When did you get out of the hospital?

14             MS. RICE:  It was about -- I can't remember if it was

15   the 8th or the 11th, something like that, of June.

16             THE COURT:  After you got out of the hospital, did you

17   ever --

18             MS. RICE:  That was when --

19             THE COURT:  -- write to me or file a motion of any

20   type asking for more time?

21             MS. RICE:  I -- I don't remember what it said, sir,

22   but there is a paper in there that explains the situation.  And

23   I apologize that I didn't let you know.  I sincerely apologize

24   for not knowing that.

25             THE COURT:  Well, even if you were given more time

1    because of your illness and hospitalization, could you have

2    presented some valid defense to the action to foreclose these

3    tax liens?

4         MS. RICE:  I believe, sir, that you have in your

5    records -- we were -- what we were doing at that time was

6    arguing the same thing we are arguing now -- we, being me and

7    the frog in my pocket -- that it didn't -- it was not under the

8    jurisdiction.  We had -- we had -- as soon as I got that, I was

9    advised and we did everything that we were supposed to do in

10   saying this is why we don't belong in that court and still

11   arguing the same facts I'm arguing today, sir.  And that's

12   really all I have to say about it.

13        THE COURT:  Well, may I ask you this:  Are you a

14   member of any tax protest organizations?

15        MS. RICE:  What does -- no, sir.

16        THE COURT:  Well, now, there are several organizations

17   of that type.  I am not familiar with them all, but over the

18   years I have had representatives of different tax protest

19   organizations appear in this court, such as -- Posse Comitatus

20   is one of them -- and they usually take positions that are

21   similar to the ones you're taking now.

22        MS. RICE:  But, sir, that's irrelevant to what I am

23   arguing.  I have no connection with quasi-organizations.

24        THE COURT:  And no member of any of those

25   organizations is helping you with your responses?

2e09155e-a1dc-495f-b24d-cc5c24729e2e

1          MS. RICE:  Sir, no, sir.

2          THE COURT:  Have you consulted a lawyer, by any

3     chance --

4          MS. RICE:  Yes, I have.

5          THE COURT:  -- regarding your responses?

6          MS. RICE:  Yes, I have.  Of course I have.

7          THE COURT:  And is that a person who is admitted to

8     practice before this court?

9          MS. RICE:  Not in the state of Wyoming, sir.  That's

10    why I'm --

11         THE COURT:  I see.  There's no one in Wyoming?

12         MS. RICE:  Not that I know of.

13         THE COURT:  I see.  Well, what I'm getting at here,

14    Mrs. Rice, is this:  If I were to give you additional time, say

15    another ten days, in which to respond, is there any response

16    that you could make which would convince the Court that you had

17    a valid defense?

18         MS. RICE:  I thought, sir, that what I have would

19    speak for itself.  There are a lot of people that don't have

20    any understanding of this, but that's why we have stated the

21    details in this.  And you have to understand with an open mind,

22    sir, that this is how it actually is in the law.  And I -- it

23    just -- the papers speak for themselves, I believe.

24         THE COURT:  Well, may I ask you this:  These are liens

25    against you because you didn't pay your taxes.  Tell me why you

1    didn't pay.

2         MS. RICE:  I did in what I read, sir, and I will give

3    you a copy.

4         THE COURT:  Well, just tell me, is there a reason that

5    you didn't?

6         MS. RICE:  Let me go back here.

7         If you read Title 26 of the United States Code, and in

8    my number three that I stated I am not a U.S. citizen subject,

9    which means -- if you know the tax laws what they really say

10   there probably isn't anyone in here who is subject to that.

11   And I think, just for your information -- and I followed your

12   career all your life and my life that you have been in public

13   office and found you to be very honorable.  And I think it

14   would be worth looking into.  It is really eye opening, sir.

15        And I intend to prove that as my destiny that -- and

16   there are a lot of people who are talking about changing the

17   tax laws and this is the reason that is behind a lot of that.

18   Some people have other reasons, maybe.  But anyway, if you

19   would please read this and if you would like to take the

20   time -- I would grant, that's up to you.  But that's all I have

21   to say at this time.

22        THE COURT:  All right.  Thank you, Mrs. Rice.

23        Mr. Pitman, I'll be glad to hear you.

24        MR. PITMAN:  Good morning, Your Honor.  For the

25   record, I'm Michael Pitman from the Tax Division of the

1   Department of Justice here representing the plaintiff, the

2   United States, today.

3       I would like to begin by thanking the Court for

4   accommodating the Government and allowing me to appear without

5   an Assistant United States Attorney this morning.

6       As I understand it, there's currently two related

7   issues before the Court.

8       THE COURT:  Mr. Pitman, I'm sorry, you've got to speak

9   directly into that mike.  It isn't the world's best mike, but

10  this morning I forgot to put my hearing aid in, and, as a

11  result, I am without it so you've got to speak a little louder.

12      MR. PITMAN:  Very well, Your Honor.  I'm sorry.

13  Thought I was blasting people out.  Too much volume.

14      It is my understanding that we're here today to

15  evaluate two related issues, the first of which is the

16  defendant's motion that the Court reconsider its order denying

17  her motion to quash service and dismiss the complaint or

18  otherwise certify that decision for an interlocutory appeal.

19      As we have heard and it is my understanding based on

20  the pleadings, the defendant's position is that as a resident

21  of the state of Wyoming she's not subject to federal

22  jurisdiction, that the United States is somehow distinct from

23  the United States of America.

24      These are positions that I imagine the Court has

25  encountered in the past.  They're positions that have been

1    evaluated by every circuit in the country and unanimously

2    rejected, including the Tenth Circuit.  And there's case law

3    cited in the Government's opposition to the defendant's motion.

4            Accordingly, it is the Government's position that

5    there's no basis to reconsider the decision to deny the

6    defendant's motion to quash or dismiss, and there is certainly

7    no substantial grounds for difference of opinion -- excuse

8    me -- regarding the law that would justify certification under

9    28 1292(b).

10           The second issue before the Court today is the entry

11   of default against the defendant in this case.  Just as

12   background, Your Honor, this case is now almost a year old and

13   there's no -- no answer has been filed.  The plaintiff did file

14   what -- a motion under Rule 12, a motion to quash or dismiss.

15   And when that motion was denied, obviously under the federal

16   rules the clock starting ticking for her to file her answer.

17           Instead, she filed the motion to reconsider or to

18   certify, and it is my understanding based on her pleadings that

19   she interpreted that pleading as a responsive pleading under

20   the rule or was filed in lieu of an answer, but of course under

21   28 1292(b) the filing of a motion to certify does not stay a

22   district court action absent court order.  And I believe that

23   the defendant was aware of that requirement in that she

24   requested a stay be entered in her motion.

25           Of course the Court did not issue a stay.  That motion

1   is still pending.  Nevertheless, the defendant is obligated to

2   continue litigating this action.  By failing to file a

3   responsive pleading for several months now, she has, indeed,

4   defaulted, and accordingly, the entry of default is

5   appropriate.

6           THE COURT:  With regard to the motion to appeal the

7   case -- and of course that's her right to do so.  I have no

8   doubt about that -- do you have any objection to a stay of the

9   proceedings to foreclose the tax liens pending appeal?

10          MR. PITMAN:  The only opposition the Government would

11  raise to a stay is -- are basically timely concerns.  This

12  matter has been proceeding very slowly, has been pending for

13  quite a while.  An appeal is almost certainly -- an appeal of

14  the Court's decision to deny the motion, in my opinion, is

15  entirely frivolous and could actually expose Miss Rice to

16  sanctions by the circuit court for raising these arguments once

17  again after they have been so thoroughly rejected.

18          I don't believe that it would -- I'm sorry, Your

19  Honor.

20          THE COURT:  The Court of Appeals does have expedited

21  methods of reviewing cases, and I think a committee of that

22  court reviews cases such as this and place -- and can place

23  them on an expedited hearing basis.  I'm not sure how long such

24  an expedited track would take, but I would guess it could be

25  six to eight months.

1        And would you feel that the United States would incur

2    any harm to its position by a stay for something like that

3    period of time?

4        MR. PITMAN:  Well, the primary harm would be a

5    possible dissipation of the funds and/or property at issue as

6    well as possible destruction of evidence or loss of memories of

7    witnesses; basically complication of future discovery.

8        THE COURT:  All right.  Well, go ahead, Mr. Pitman.

9        MR. PITMAN:  I believe -- in essence, Your Honor, I

10   don't think that the requirements of 28 U.S.C. 1292 have been

11   satisfied in this case in that there's no grounds whatsoever

12   for a dispute regarding the governing law.  And accordingly,

13   the Government would oppose the defendant's motion to certify

14   and for reconsideration.

15       THE COURT:  Anything further?

16       MR. PITMAN:  No, Your Honor.

17       THE COURT:  All right, thank you.

18       MR. PITMAN:  Thank you.

19       THE COURT:  Mrs. Rice, you're entitled to a rebuttal

20   argument to rebut the arguments that Mr. Pitman just made.

21       MS. RICE:  I just happen to have one.  I just happen

22   to have one, sir, Your Honor.

23       The plaintiff's position seems to be that because I

24   did not file an answer subsequent to this Court's denial of my

25   motion to quash, but, instead, filed a motion to reconsider,

Page 22

1    or, in the alternative, a motion for findings of fact and

2    conclusions of law and to certify the order for appeal, that

3    the plaintiff is entitled to an entry of default and a default

4    judgment.

5           Can you hear me all right, sir?  This is a little

6    higher than it was.

7           THE COURT:  Yes, that's fine.

8           MS. RICE:  The fact is that I have not failed to file

9    an answer nor am I in default because I have been waiting for

10   the Court to enter a ruling on my motion to reconsider.  The

11   proverbial ball has been in your court, Your Honor.

12          THE COURT:  Well, I believe that the Court has entered

13   an order on your motion.  How can you say that it hasn't?  Did

14   you not receive the order of this Court -- let's see.  Of

15   course, the clerk's order that you were in default on

16   August 13th, you know, when the clerk acts for this Court,

17   that's the Court acting.

18          MS. RICE:  We responded to that too, sir.  But there

19   was one I received in July, I believe.

20          THE COURT:  All right.  Well, go ahead, Mrs. Rice.

21          MS. RICE:  Okay.  It, therefore, remains my position

22   that the plaintiff is not entitled to the entry of default by

23   the clerk of the court and that that entry should be vacated.

24   The plaintiff is using a tortured construction of 28 U.S.C.

25   1292(b) as a basis for their reasoning that I was required to

1    file an answer notwithstanding my motion to reconsider.

2            However, 1292(b) merely provides that a stay may be

3    granted upon application for an interlocutory appeal.  Because

4    I have made no application for an interlocutory appeal, but

5    have, rather, instead merely asked this Court to certify the

6    issues for appeal so that I may apply for an appeal, the

7    plaintiff's use of the statute is -- authority obligating me to

8    file an answer while awaiting this Court's ruling on my motion

9    to reconsider is, at best, specious.  The entry of default by

10   the clerk should, therefore, be vacated.

11           And that's all I have to say, sir.

12           THE COURT:  Well, now, are you aware of the order by

13   this Court of June 15th?  And this was an order which adopted

14   the Magistrate's recommendation and denied all of your

15   outstanding motions, which, of course, would include motions to

16   reconsider and anything else.  And they were all denied last

17   June 15th.

18           MS. RICE:  Yes, sir, I received that.

19           THE COURT:  Well, why, then, do you say that we

20   haven't ruled on those?

21           MS. RICE:  I would have to talk to my legal advisors

22   and find out what the reasoning is and try to make that clear

23   for you, sir, if you would allow us to do that.

24           THE COURT:  Well, this has gone on quite a long time

25   and I don't -- I think we've got to decide it right now.  So

1   unless you have more to tell me about it, I --

2          MS. RICE:  Would you allow me to take a break and make

3   contact for 15 minutes and see if there's anything I can help

4   you with?

5          THE COURT:  All right.  I will give you a 15-minute

6   recess.  It is now 11:27, so I will give you a recess until

7   11:45.

8          MS. RICE:  Thank you, sir.

9          THE COURT:  All right.  We will stand in recess.

10         (Recess taken 11:27 a.m. until 11:45 a.m.)

11         THE COURT:  Mrs. Rice, the recess has expired.  Have

12  you had the opportunity to get the advice and counsel that you

13  were seeking?

14         Come forward.

15         MS. RICE:  Yes, sir.  I have nothing further to say.

16         THE COURT:  All right.  I will be glad to hear

17  whatever you wish to tell me.

18         MS. RICE:  No, I say I have nothing further to say,

19  sir.

20         THE COURT:  Well, Mrs. Rice, the Court is aware of the

21  fact that you have your home at stake, and I think you also

22  have an undivided interest in 118 acres of ranchland that

23  your -- I think it is owned by your family.

24         Do you realize that these actions that you're taking

25  are endangering these interests?

1          All right.  If you have nothing to say, the Court

2     finds that the arguments of the defendant, Jane Joyce Rice, are

3     without any merit whatsoever, in fact or in law, and the Court

4     finds that Mrs. Rice has not presented the Court with any

5     suitable legal reason for not having appeared, that she has had

6     time since the entry of the order of June 15th to seek

7     reconsideration on the ground that she was in the hospital at

8     the time that she defaulted before the Court.

9          And that would have been a good ground for an

10    extension of time, but, Mrs. Rice, you haven't asked for it.

11         And now on December 4th, 2007, the clerk signed an

12    entry of default and I think that that default was well taken.

13    So at this time the motions to quash and the motions to dismiss

14    and the motions for rehearing thereon are all denied.

15         And, Mr. Pitman, I understand that what you seek now

16    is a judgment of foreclosure?

17         MR. PITMAN:  If I may, Your Honor, the Government

18    is -- the Government would have been -- would be willing to

19    allow the case to proceed despite the proper default were

20    Miss Rice able to present any substantive defense.

21         However, I think today she told us that she has none,

22    and so I think that a judgment of default is appropriate as

23    long as the Court has determined, properly in my opinion, that

24    her legal arguments against the assessments at issue are

25    specious.

1         THE COURT:  Well, the judgment of default entered by

2    the clerk is obviously well taken.  And now the question is

3    what's next?  And I think the next thing would be a judgment of

4    foreclosure.

5         MR. PITMAN:  I would be glad to prepare a proposed

6    judgment for Your Honor.

7         THE COURT:  Well, I want you to prepare the necessary

8    order of foreclosure and submit a copy to Mrs. Rice.

9         And, Mrs. Rice, you may have ten days from the date of

10   receipt of that to make any motions or arguments you wish

11   before the Court.  I will be glad to hear you.  But if you

12   don't make any within a ten-day period, I will assume that you

13   have, as you just now said, nothing more to say, and the

14   judgment of foreclosure may be entered.

15        Now, the judgment shall then be stayed pending appeal.

16   And your process of appealing is this:  Within ten days of the

17   entry of that order, you must file a notice of appeal.  And

18   then you have a duty of assembling the record on appeal and

19   getting a transcript of any of the proceedings of this court

20   that you feel should be brought to the attention of the Court

21   of Appeals of the Tenth Circuit.

22        And then, of course, there are times that that Court

23   may set for the filing of the record on appeal and the briefs.

24   And those times must be scrupulously observed.  You cannot

25   expect that Court to be as liberal and forgiving as this Court

1    has been.  And it operates on a difficult time schedule, and it

2    just doesn't brook delay of any type.  So you've got to be

3    very, very careful not to commit any defaults there.

4            Is there anything else, Mr. Pitman?

5            MR. PITMAN:  No, Your Honor.  Thank you, very much.

6            THE COURT:  All right.  Well, prepare what the

7    Government wants on this case and show that Mrs. Rice's

8    arguments have been considered and found to be without legal

9    merit and denied.

10           MR. PITMAN:  I will do that, Your Honor.

11           THE COURT:  All right.  Fine.

12           And the court will stand in recess subject to call --

13   or until 1:30.

14      (Hearing proceedings concluded

15      11:55 a.m., January 4, 2008.)

16

17

18

19

20

21

22

23

24

25

# U.S. District Court
## District of Wyoming (Cheyenne)
## CIVIL DOCKET FOR CASE #: 2:07-cv-00019-CAB

USA v. Rice et al
Assigned to: Judge Clarence A Brimmer
Referred to: Judge William C Beaman
Demand: $1,062,000
Cause: 26:7401 IRS: Tax Liability

Date Filed: 01/19/2007
Jury Demand: None
Nature of Suit: 870 Taxes
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**USA**                                    represented by    **Michael G Pitman**
                                                             DEPARTMENT OF JUSTICE
                                                             Tax Division
                                                             P O Box 683
                                                             Ben Franklin Station
                                                             Washington, DC 20045-0683
                                                             202/305-7938
                                                             Fax: 202/307-0054
                                                             Email: Michael.G.Pitman@USDOJ.gov

                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Nicholas Vassallo**
                                                             US ATTORNEY'S OFFICE
                                                             P O Box 668
                                                             Cheyenne, WY 82003-0668
                                                             307/772-2124
                                                             Fax: 307/772-2123
                                                             Email: nick.vassallo@usdoj.gov
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jane Joyce Rice**                        represented by    **Jane Joyce Rice**
                                                             9 Pleasant Valley Lane
                                                             Sheridan, WY 82801
                                                             307/674-6885
                                                             PRO SE

**Defendant**

**Water Garden Inc**

**Defendant**

**Perpetual Legacy Corp**

**Defendant**

**Carte Blanche Trust**

**Defendant**

**Newport Pacific Trust Co Ltd**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2007 | 1 | COMPLAINT filed by USA (summons issued)(sdn, ) (Entered: 01/25/2007) |
| 01/19/2007 | 2 | NOTICE of Attorney Appearance by Nicholas Vassallo, Assistant US Attorney, on behalf of USA (sdn, ) (Entered: 01/25/2007) |
| 01/19/2007 | 3 | NOTICE of complexity by Plaintiff USA ; this case is non-complex. (sdn, ) (Entered: 01/25/2007) |
| 01/19/2007 | 4 | MOTION for Michael G Pitman to appear pro hac vice filed by Plaintiff USA; Check not tendered (government attorney). REFERRED TO MAGISTRATE JUDGE.(sdn, ) Additional attachment(proposed order) added on 1/25/2007 (sdn, ). (Entered: 01/25/2007) |
| 01/26/2007 | 5 | ORDER by the Honorable William C Beaman granting 4 Motion to appear pro hac vice admitting Michael Pitman for USA (cc: all counsel on 1/29/07.)(sjlg, ) (Entered: 01/29/2007) |
| 01/30/2007 | 6 | NOTICE of Recording of Notice of Pendency of Action [Lis Pendens] by Plaintiff USA (sjlg, ) (Entered: 01/30/2007) |
| 02/28/2007 | 7 | SUMMONS Returned Executed by USA. Jane Joyce Rice served on 2/14/2007, answer due 3/6/2007. (Pitman, Michael) (Entered: 02/28/2007) |
| 03/02/2007 | 8 | MINUTE ORDER by the Honorable William C Beaman; defendant Rice given to 3/21/2007 to answer complaint.(cc: all counsel and defendant Rice on 3/5/07.)(sjs, ) Text modified on 3/16/2007 (sdn, ). (Entered: 03/05/2007) |
| 03/20/2007 | 9 | Verified MOTION to Quash Service of Process and MOTION to Dismiss filed by Defendant Jane Joyce Rice. REFERRED TO MAGISTRATE JUDGE.(sjlg, ) (Entered: 03/21/2007) |
| 03/28/2007 | 10 | MEMORANDUM in Support of 9 Motion to Quash Service of process, Motion to Dismiss filed by Defendant Jane Joyce Rice. (sjs, ) (Entered: 03/28/2007) |
| 04/05/2007 | 11 | OPPOSITION filed by Plaintiff USA. (Pitman, Michael)DOCKETED IN ERROR-Called Attorney to refile and link to motion referred to. Modified on 4/5/2007 (sjs, ). (Entered: 04/05/2007) |

| 04/05/2007 | 12 | OPPOSITION to 10 Memorandum in Support of Motion, 9 Motion to Quash, Motion to Dismiss filed by Plaintiff USA. (Pitman, Michael) (Entered: 04/05/2007) |
|---|---|---|
| 04/13/2007 | 13 | REPORT AND RECOMMENDATIONS Denying 9 MOTION to Quash Service of Process and MOTION to Dismiss Complaint filed by Jane Joyce Rice,. Objections to R&R due by 4/27/2007by the Honorable William C Beaman.(cc: all counsel on 4/16/07.)(sjlg, ) (Entered: 04/16/2007) |
| 04/18/2007 | 14 | Amended Verified MOTION to Quash Service of Process and Motion and MOTION to Dismiss filed by Defendant Jane Joyce Rice. REFERRED TO MAGISTRATE JUDGE.(sjlg, ) (Entered: 04/18/2007) |
| 04/19/2007 | 15 | NOTICE of Hearing on 14 Amended MOTION to Quash and MOTION to Dismiss: Motion Hearing set for 6/4/2007 10:00 AM in Cheyenne before Honorable Clarence A Brimmer. (cc: all counsel on 4/19/07.) (sjlg, ) (Entered: 04/19/2007) |
| 04/27/2007 | 16 | OPPOSITION to 14 Motion to Quash, Motion to Dismiss filed by Plaintiff USA. (Pitman, Michael) (Entered: 04/27/2007) |
| 04/27/2007 | 17 | CERTIFICATE OF SERVICE by Defendant Jane Joyce Rice (sjlg, ) (Entered: 04/27/2007) |
| 05/07/2007 | 18 | MOTION for Extension of Time *for Service* filed by Plaintiff USA. REFERRED TO MAGISTRATE JUDGE. (Attachments: # 1 Proposed Order # 2 Certificate of Service)(Pitman, Michael) (Entered: 05/07/2007) |
| 05/07/2007 | 19 | MOTION for Order *Motion for Service by Publication* filed by Plaintiff USA. REFERRED TO MAGISTRATE JUDGE. (Attachments: # 1 Declaration of Brenda Seegars in Support# 2 Proposed Order # 3 Certificate of Service)(Pitman, Michael) (Entered: 05/07/2007) |
| 05/08/2007 | 20 | ORDER by the Honorable William C Beaman granting 18 Motion for Extension of Time to serve the summons and complaint (cc: all counsel on 5/8/07.)(sjlg, ) (Entered: 05/08/2007) |
| 05/08/2007 | 21 | ORDER by the Honorable William C Beaman granting 19 Motion for Order for Service by Publication (cc: all counsel on 5/8/07.)(sjlg, ) (Entered: 05/08/2007) |
| 05/11/2007 | 23 | "Notice of Nullity of Magistrate Judge William C Beaman's 13 Report and Recommendations Denying 9 MOTION to Quash Service of Process and MOTION to Dismiss Complaint and Notice of Treason, and to Declare the Want of Magisgtrate Judge Jurisdiction" filed by Defendant Jane Joyce Rice. (Attachments: # 1 Proposed Order)(sjlg, ) (Entered: 05/15/2007) |
| 05/14/2007 | 22 | SUPPLEMENTAL TO AMENDED VERIFIED MOTION TO QUASH SERVICE OF PROCESS AND MOTION to Dismiss filed by Defendant Jane Joyce Rice. (Attachments: # 1 Proposed Order # 2 Proposed Order) (sjs, ) (Entered: 05/14/2007) |

| 05/17/2007 | 24 | NOTICE of Foreign Law Supplemental by Defendant Jane Joyce Rice (sjlg, ) (Entered: 05/18/2007) |
|---|---|---|
| 05/17/2007 | 25 | NOTICE of Amended Verifications by Defendant Jane Joyce Rice (sjlg, ) (Entered: 05/18/2007) |
| 05/29/2007 | 26 | Second Amended Verified MOTION to Quash filed by Defendant Jane Joyce Rice. REFERRED TO MAGISTRATE JUDGE.(sjlg, ) (Entered: 05/30/2007) |
| 06/04/2007 | 27 | Minutes for proceedings held before Judge Clarence A Brimmer : Motion Hearing held on 6/4/2007. Motions denied and order to be prepared by court. (Court Reporter Kathy Kendrick.)(sjs, ) (Entered: 06/04/2007) |
| 06/15/2007 | 28 | ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DENYING OUTSTANDING MOTIONS by the Honorable Clarence A Brimmer.(cc: all counsel on 6/18/07.)(sjlg, ) (Entered: 06/18/2007) |
| 06/28/2007 | 29 | OBJECTION to and MOTION to reconsider the denial of (14) Amended Motion to Quash and for findings of fact and to certify for appeal pursuant ot 28 U.S.C. 1292(b) filed by Defendant Jane Joyce Rice. (sjs, ) Modified on 7/17/2007 (sdn, ). (Entered: 07/02/2007) |
| 06/28/2007 | 30 | NOTICE to Court of Reason for Absence at June 4, 2007 hearing and motion to vacate and set aside Order denying motions and to reschedule Hearing by Defendant Jane Joyce Rice (sjs, ) (Entered: 07/02/2007) |
| 07/09/2007 | 31 | OBJECTION to 29 Objection filed by Plaintiff USA. (Attachments: # 1 Certificate of Service)(Pitman, Michael) (Entered: 07/09/2007) |
| 08/02/2007 | 32 | SERVICE by Publication filed by Plaintiff USA. Last publication date 6/13/07. (Attachments: # 1 certificate of service)(Pitman, Michael) (Entered: 08/02/2007) |
| 08/07/2007 | 33 | MOTION for Entry of Default against Defendant Water Garden, Inc. filed by Plaintiff USA. (Attachments: # 1 Certificate of Service)(Pitman, Michael) (Entered: 08/07/2007) |
| 08/07/2007 | 34 | MOTION for Entry of Default against Defendant Newport Pacific Trust Co. filed by Plaintiff USA. (Attachments: # 1 Certificate of Service) (Pitman, Michael) (Entered: 08/07/2007) |
| 08/07/2007 | 35 | MOTION for Entry of Default against Defendant Perpetual Legacy Corp. filed by Plaintiff USA. (Attachments: # 1 Certificate of Service)(Pitman, Michael) (Entered: 08/07/2007) |
| 08/07/2007 | 36 | MOTION for Entry of Default against Defendant Carte Blanche Trust filed by Plaintiff USA. (Attachments: # 1 Certificate of Service)(Pitman, Michael) (Entered: 08/07/2007) |
| 08/13/2007 | 37 | ENTRY OF DEFAULT Filed against Perpetual Legacy Corp by the Clerk of US District Court Stephan Harris.(sjlg, ) (Entered: 08/15/2007) |
| 08/13/2007 | 38 | ENTRY OF DEFAULT Filed against Water Garden Inc by the Clerk of US District Court Stephan Harris (sjlg, ) (Entered: 08/15/2007) |

| 08/13/2007 | 39 | ENTRY OF DEFAULT Filed against Carte Blanche Trust by the Clerk of US District Court Stephan Harris (sjlg, ) (Entered: 08/15/2007) |
|---|---|---|
| 08/13/2007 | 40 | ENTRY OF DEFAULT Filed against Newport Pacific Trust Co by the Clerk of US District Court Stephan Harris (sjlg, ) (Entered: 08/15/2007) |
| 08/30/2007 | 41 | MOTION for Default Judgment as to *Defendant Carte Blanche Trust* filed by Plaintiff USA. (Attachments: # 1 Proposed Order # 2 Certificate of Service)(Pitman, Michael) (Entered: 08/30/2007) |
| 08/30/2007 | 42 | MOTION for Default Judgment as to *Defendant Newport Pacific Trust Co., Ltd.* filed by Plaintiff USA. (Attachments: # 1 Proposed Order # 2 Certificate of Service)(Pitman, Michael) (Entered: 08/30/2007) |
| 08/30/2007 | 43 | MOTION for Default Judgment as to *Defendant Perpetual Legacy Corp.* filed by Plaintiff USA. (Attachments: # 1 Proposed Order # 2 Certificate of Service)(Pitman, Michael) (Entered: 08/30/2007) |
| 08/30/2007 | 44 | MOTION for Default Judgment as to *Defendant Water Garden, Inc.* filed by Plaintiff USA. (Attachments: # 1 Proposed Order # 2 Certificate of Service)(Pitman, Michael) (Entered: 08/30/2007) |
| 10/05/2007 | 45 | ORDER by the Honorable Clarence A Brimmer granting Motion for DEFAULT JUDGMENT against Perpetual Legacy Corp (sjlg, ) (Entered: 10/05/2007) |
| 10/05/2007 | 46 | ORDER by the Honorable Clarence A Brimmer granting Motion for DEFAULT JUDGMENT against Carte Blanche Trust (sjlg, ) (Entered: 10/05/2007) |
| 10/05/2007 | 47 | ORDER by the Honorable Clarence A Brimmer granting Motion for DEFAULT JUDGMENT against Newport Pacific Trust (sjlg, ) (Entered: 10/05/2007) |
| 10/05/2007 | 48 | ORDER by the Honorable Clarence A Brimmer granting Motion for DEFAULT JUDGMENT against Water Garden Inc (sjlg, ) (Entered: 10/05/2007) |
| 11/30/2007 | 49 | MOTION for Entry of Default against Defendant Jane Joyce Rice filed by Plaintiff USA. (Attachments: # 1 Proposed Order # 2 Certificate of Service)(Pitman, Michael) (Entered: 11/30/2007) |
| 12/04/2007 | 50 | ENTRY OF DEFAULT filed against Jane Joyce Rice by the Clerk of Court, Stephan Harrisby Stephan Harris, Clerk of United States District Court.(szf, ) (Entered: 12/04/2007) |
| 12/05/2007 | 51 | NOTICE of Hearing: Hearing on Defendant's Objection to and Motion to Reconsider the Denial of Defendant's Amended Motion to Quash and all Other Pending Motions Timely Field by the Parties set for 1/4/2008 10:30 AM before Honorable Clarence A Brimmer. (szf, ) (Entered: 12/05/2007) |
| 12/13/2007 | 52 | REFERRED TO MAGISTRATE JUDGE. MOTION to Strike Plaintiff's 49 Motion for Entry of Default, And MOTION to Vacate, Set Aside, and |

| | | Void 50 Clerk's Entry of Default, filed by Defendant Jane Joyce Rice. (sjlg, ) (Entered: 12/13/2007) |
|---|---|---|
| 12/20/2007 | 53 | RESPONSE to 52 Motion to Strike, Motion to Vacate, Motion to Set Aside filed by Plaintiff USA. (Attachments: # 1 Certificate of Service) (Pitman, Michael) (Entered: 12/20/2007) |
| 12/27/2007 | 54 | REFERRED TO MAGISTRATE JUDGE. MOTION for Order *Excusing the United States Attorney's Office from Appearing at the Hearing Scheduled for January 4, 2008* filed by Plaintiff USA. (Attachments: # 1 Proposed Order)(Vassallo, Nicholas) (Entered: 12/27/2007) |
| 12/28/2007 | 55 | ORDER by the Honorable Clarence A Brimmer granting 54 Motion for Order Excusing the United States Attorney's Office from Appearing at the Hearing Scheduled for January 4, 2008 (sjlg, ) (Entered: 01/02/2008) |
| 01/04/2008 | 56 | Minutes for proceedings held before Judge Clarence A Brimmer : Motion Hearing held on 1/4/2008. All motions denied. (Court Reporter Janet Davis.)(sjs, ) (Entered: 01/04/2008) |
| 01/09/2008 | 57 | MOTION to "Reconsider, Vacate and Set Aside Default Judgment and 50 Clerk's Entry of Default", filed by Defendant Jane Joyce Rice. (szf, ) (Entered: 01/09/2008) |
| 01/11/2008 | | TRANSCRIPT of Motion Proceedings held on 1/4/08 before Judge Clarence A Brimmer. Court Reporter: Janet Davis. (sjs, ) (Entered: 01/11/2008) |
| 03/12/2008 | 58 | MOTION for Default Judgment as to *Defendant Jane Joyce Rice* filed by Plaintiff USA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Proposed Judgment, # 4 Certificate of Service)(Pitman, Michael) (Entered: 03/12/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/25/2008 14:26:22 | | |
| **PACER Login:** | us3706 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-00019-CAB |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |