FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

**MAR** 2 7 2008

Stephan Harris, Clerk
Cheyenne

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Jane Joyce Rice, *et al.*,

Defendants.

Civil No. 2:07-cv-19-CAB

## DEFAULT JUDGMENT AND ORDER OF
## FORECLOSURE AND JUDICIAL SALE

This matter came before the Court on the United States' Motion for

Default Judgment. After considering the Motion and the arguments of the

parties, the Court finds as follows:

On January 19, 2007, the United States filed this action to reduce to

judgment federal tax assessments against Defendant Jane Joyce Rice ("Jane Rice")

and to foreclose federal tax liens against Jane Rice's residence, royalty interest in

mineral rights, undivided one-half interest in a 118.32 acre parcel of unimproved

ranch land, and personal motor vehicle. On March 20, 2007, Jane Rice filed a

Motion to Quash Service of Process and Motion to Dismiss. On April 13, 2007,

the Magistrate Judge issued a Report and Recommendation denying the Motion

to Quash Service of Process and Motion to Dismiss which the Court adopted on

June 15, 2007. Upon the denial of her motion to dismiss, Jane Rice became

obligated to file a timely responsive pleading. *See* Fed. R. Civ. P. 12(a)(4)(A).

When she failed to do so, the United States filed a Motion for Entry of Default

against Jane Rice, and default was entered by the Clerk of Court on December 4,

2007. On December 13, 2007, Jane Rice filed a Motion to Vacate the Clerk's entry

of default. The Court held a hearing on, *inter alia,* Jane Rice's Motion to Vacate

the Clerk's entry of default, on January 4, 2008. After hearing oral argument

from the parties, the Court denied Jane Rice's Motion to Vacate.

At the January 4, 2008 hearing, the Court queried whether Jane Rice had

any defense to the United States' Complaint. In response, Jane Rice advanced

arguments similar to those presented in her prior Motions. Specifically, Jane Rice

argued that:

- The Court lacks *in rem* jurisdiction to foreclose on the subject property because that property is not situated in a federal enclave or territory;

- 26 U.S.C. § 7402(e) does not grant the Court subject matter jurisdiction because this is not an action to quiet title;

- Neither 26 U.S.C. § 7402(e) nor 28 U.S.C. §§ 1340 or 1345 grant the Court subject matter jurisdiction because the chief counsel of the IRS lacks the capacity to foreclose on property that is not within the District of Columbia or possessions and territories of the United States; and

- The Court lacks subject matter jurisdiction because the United States lacks capacity to initiate an action against a non-citizen of the United States.

These arguments track familiar tax protester claims, and, as discussed in the Magistrate Judge's April 13, 2007 Report and Recommendation as well as the Court's June 15, 2007 Order, they are without merit. *See United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir. 2007) (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir.1990)); *Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990). Although she was given several opportunities to advance a meritorious defense, Jane Rice refused to do so.

Accordingly, the Court finds that Jane Rice's defense to the United States' claims is without any merit whatsoever, in fact or in law. Because the allegations in the Complaint, in conjunction with the evidence submitted by the United States in support of its Motion for Default Judgment, make out an unrebutted, *prima facie* case entitling the government to judgment as a matter of law, the United States' Motion for Default Judgment should be granted in its entirety pursuant to Fed. R. Civ. P. 55(b).

In view of these findings, and for good cause shown, it is hereby,

ORDERED, that the United States' Motion for Default Judgment is granted in its entirety; and it is further,

ORDERED, that Jane Rice's Motion to Reconsider, Vacate and Set Aside Default Judgment and Clerk's Entry of Default is denied, and it is further,

ORDERED, pursuant to the provisions of 28 U.S.C. §§ 2001 & 2002, and 26 U.S.C. §§ 7402 & 7403, as follows:

1.      Execution of this Order of Foreclosure and Judicial Sale shall be delayed for ten days from the date of entry.  Should Defendant Jane Joyce Rice file a timely notice of appeal of this Order of Foreclosure, execution of this Order of Foreclosure shall be stayed pending the resolution of her appeal.  However, once this Order of Foreclosure is executed, it shall act as a special writ of execution and no further orders or process from the Court shall be required.

2.      Defendant Jane Joyce Rice is indebted to Plaintiff the United States of America ("United States") for unpaid assessed balances of federal income taxes for tax years 1995 and 1996, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid.  Defendant Jane Joyce Rice also is indebted to the United States for unpaid assessed balances of penalties under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654 for tax years 1995 and 1996 plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid.  On December 4, 2007, the Court entered default judgment in favor of the United States and against Defendant Jane Joyce Rice for her federal income tax liabilities for tax years 1995

- 4 -

and 1996 and for penalties under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654 for

tax years 1995 and 1996, calculated through March 1, 2008, in the amount of

$1,193,725.58, plus such additional statutory additions, including interest, as

continue to accrue until paid in full.

     3.     The Subject Property upon which foreclosure is sought is as

follows:

     a.     The first property upon which foreclosure is sought is

residential real property located at 9 Pleasant Valley Drive, Sheridan, Wyoming,

82801-9735, which is more particularly described as follows:

> Lot 3, Pleasant Valley Subdivision, a subdivision in Sheridan
> county, Wyoming, as recorded in Book 1 of Plats, Page 204, having
> a street address of 9 Pleasant Valley Drive, Sheridan, Wyoming,
> 82801.

Defendant Jane Joyce Rice purported to transfer this property to

Defendant Water Garden, Inc., on December 31, 1996, by warranty deed.  On

October 5, 2007, the Court entered judgment in favor of the United States

ordering that Defendant Water Garden, Inc., has no interest, estate, or claim of

any kind whatsoever in the real property located at 9 Pleasant Valley Drive,

Sheridan, Wyoming, 82801-9735, more particularly described as Lot 3, Pleasant

Valley Subdivision, a subdivision in Sheridan county, Wyoming, as recorded in

Book 1 of Plats, Page 204, having a street address of 9 Pleasant Valley Drive,

Sheridan, Wyoming, 82801, or any other property described in the Complaint which is the subject of this action.

b.    The second property at issue in this action is Defendant Jane Joyce Rice's royalty interest in mineral rights which is more particularly described as follows:

> An approximate 1% mineral rights royalty interest in 1,356.25 acres in Sheridan County, Wyoming.

Defendant Jane Joyce Rice purported to transfer this property to Defendant Perpetual Legacy Corp. on November 8, 2000, by royalty deed.  On October 5, 2007, the Court entered judgment in favor of the United States ordering that Defendant Perpetual Legacy Corp. has no interest, estate, or claim of any kind whatsoever in Defendant Jane Joyce Rice's royalty interest in mineral rights which is more particularly described as an approximate 1% mineral rights royalty interest in 1,356.25 acres in Sheridan County, Wyoming, or any other property described in the Complaint which is the subject of this action.

c.    The third property at issue in this action is Defendant Jane Joyce Rice's undivided one-half interest in a 118.32 acre parcel of unimproved ranch land, titled in the name of Defendant Jane Joyce Rice, which is more particularly described as follows:

An undivided one-half interest in Lot 1 and NE¼NW¼ and NW¼NE¼ of Section 30, T56N, R84W of the 6th P.M., containing 118.32 acres more or less, County of Sheridan, State of Wyoming.

d.      The fourth property at issue in this action is Defendant Jane Joyce Rice's personal motor vehicle which is more particularly described as follows:

A 1997 GMC Pickup Truck, VIN #: 1GTEK19R8VE507584.

Defendant Jane Joyce Rice's personal motor vehicle is titled in the name of Defendant Carte Blanche Trust.  On October 5, 2007, the Court entered judgment in favor of the United States ordering that Defendant Carte Blanche Trust has no interest, estate, or claim of any kind whatsoever in the 1997 GMC Pickup Truck bearing VIN #: 1GTEK19R8VE507584, or any other property described in the Complaint which is the subject of this action.

4.      On April 30, 2001, a delegate of the Secretary of Treasury made assessments for unpaid federal income taxes against Defendant Jane Joyce Rice for the tax period ending December 31, 1995.

5.      On April 30, 2001, a delegate of the Secretary of Treasury made assessments for penalties under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654 against Defendant Jane Joyce Rice for the tax period ending December 31, 1995.

6.     On April 23, 2001, a delegate of the Secretary of Treasury made assessments for unpaid federal income taxes against Defendant Jane Joyce Rice for the tax period ending December 31, 1996.

7.     On April 23, 2001, a delegate of the Secretary of Treasury made assessments for penalties under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654 against Defendant Jane Joyce Rice for the tax period ending December 31, 1996.

8.     The United States has valid and subsisting tax liens on all property and rights to property of Defendant Jane Joyce Rice, including the Subject Property, arising from the above-described assessments, which tax liens are effective as of the dates of those assessments.

9.     26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendant Jane Joyce Rice.

10.     The United States' liens against the Subject Property are hereby foreclosed.

11.     The United States Marshal for the District of Wyoming, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 & 2002 to offer for public sale and to sell the Subject Property.  The United

States may choose either the United States Marshal or a PALS to carry out the sales of the Subject Property under this Order and shall make the arrangements for any sale as set forth in this Order.

12.    The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining locksmiths or other persons to change or install locks or other security devices on any part of the Subject Property, until the Subject Property are delivered to the ultimate purchasers.

13.    The terms and conditions of the sales of the Subject Property (or any of them) are as follows:

      a.  The sales of the Subject Property shall be free and clear of the interests of all parties to this lawsuit;

      b.  The sales of the Subject Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions of record, if any;

      c.  The sales of the Subject Property shall be held at the courthouses of the county or city in which each of the respective Subject Property

- 9 -

is located, on the premises of the Subject Property, or at any other
place in accordance with the provisions of 28 U.S.C. §§ 2001 and
2002. The Subject Property may be sold separately or as a package
at the discretion of the United States Marshal or the PALS handling
the sale;

d. The dates and times for the sales of the Subject Property are to be
announced by the United States Marshal, his/her representative, or
a PALS;

e. Notices of the sales of the Subject Property shall be published once
a week for at least four consecutive weeks before each respective
sale in at least one newspaper regularly issued and of general
circulation in the respective counties in which relevant the Subject
Property is located, and, at the discretion of the Marshal, his/her
representative, or a PALS, by any other notice deemed appropriate.
Each notice shall contain a description of the Subject Property for
sale and shall contain the terms and conditions of sale in this order
of sale;

f. Minimum bids will be set by the Internal Revenue Service. If
minimum bids are not met or exceeded, the Marshal, his or her

representative, or a PALS may, without further permission of this

Court, and under the terms and conditions in this order of sale,

hold new public sales, if necessary, and reduce the minimum bids

or sell to second highest bidder;

g.  The successful bidder(s) shall be required to deposit at the time of

the sale of either of the properties with the Marshal, his/her

representative, or a PALS a minimum of ten percent of the bid,

with the deposit(s) to be made by certified or cashier's check

payable to the United States District Court for the District of

Wyoming.

h.  Before being permitted to bid at the sales of the Subject Property,

bidders shall display to the Marshal, his/her representative, or a

PALS proof that they are able to comply with this requirement.  No

bids will be received from any person(s) who have not presented

proof that, if they are the successful bidders(s), they can make the

deposit required by this Order;

i.  The balance of the purchase prices for the relevant Subject Property

are to be paid to the United States Marshall or a PALS (whichever

person is conducting the sale) within 20 days after the date the

respective bids are accepted, by a certified or cashier's check payable to the United States District Court for the District of Wyoming. If a bidder fails to fulfill this requirement, the deposits shall be forfeited and shall be applied to cover the expenses of the sales, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be distributed in accordance with numbered paragraph 16, below. The Subject Property involved shall be again offered for sale under the terms and conditions of this Order;

j.  The sales of the Subject Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file reports of sale with the Court, together with proposed orders of confirmation of sales and proposed deeds, within 20 days from the date of receipt of the balance of the purchase prices for the relevant Subject Property;

k.  On confirmation of the sales of the Subject Property, or any of them, the Internal Revenue Service shall execute and deliver deed(s) of judicial sales conveying the Subject Property (or any of them) sold to the respective purchasers;

        l.  On confirmation of the sales of the Subject Property, all interests in, liens against, or claims to, the Subject Property that are held or asserted by any party to this action are discharged and extinguished;

        m.  The sales of the Subject Property are ordered pursuant to 28 U.S.C. § 2001, and are made without rights of redemption.

14.     Until the Subject Property is sold, Defendant Jane Joyce Rice shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property. She shall neither commit waste against the Subject Property nor cause or permit anyone else to do so. She shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. She shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auctions, nor shall she cause or permit anyone else to do so.

15.     All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 60 days of the service of a copy of this Order on any such persons, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Properties).  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Subject Property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

16.     The proceeds arising from sales are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

    a.  To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

    b.  Then  to all taxes unpaid and matured that are owed to (county, borough or school district) for real property taxes on the Subject Property;

    c.  Then to the United States up to the point at which the claims of the United States are paid in full;

    d.  Then to the Court for further distribution.

Finally, the Court notes that on March 26, 2008, Jane Rice filed a petition for writ of prohibition with the Tenth Circuit in this matter.  This Court certifies that the petition is frivolous.  This Court accordingly retains jurisdiction over the matter.  Kamplain v. Curry County Bd. of Com'rs, 159 F.3d 1248, 1250 (10th Cir. 1998) ("the district court retained jurisdiction pending this appeal after certifying that the appeal was frivolous").

DATED this 27ᵀʰ day of _____March_____, 2008, in Cheyenne, Wyoming.

 

                                  United States District Judge