FILED
United States Court of Appeals
Tenth Circuit

October 6, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 08-8029 |
| v. | (D. Wyo.) |
| JANE JOYCE RICE, | (D.C. No. 2:07-CV-00019-CAB) |
| Defendant-Appellant, | |
| WATER GARDEN, INC. PERPETUAL LEGACY CORP., CARTE BLANCHE TRUST, NEWPORT PACIFIC TRUST CO. LTD., | |
| Defendants. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Jane Joyce Rice failed to file federal income tax returns and pay her tax assessments for 1995 and 1996. As a result, the Tax Division of the Department of Justice filed suit seeking to foreclose on Rice's property, including property to which she had transferred title to several companies she apparently formed or had an interest in.[1]

Defending herself pro se, Rice filed several motions contesting the district court's jurisdiction and the standing of the United States. Specifically, she argued that as a resident of the "sovereign state" of Wyoming, she was not a United States citizen, was not required to pay taxes, and was not subject to suit in federal court. Although the district court denied all of her Federal Rule of Civil Procedure 12 motions, she never filed an answer or other responsive pleading to the complaint.

As a result, the district court entered default judgment against Rice, finding she had asserted only frivolous, universally-rejected tax protester arguments and had presented no viable defense to any of the government's foreclosure claims. Rice timely appealed the district court's entry of default judgment, raising the same arguments and claiming the district court abused its discretion.

---

[1] The complaint named Rice as a defendant as well as Water Garden Inc., Perpetual Legacy Corp., Carte Blanche Trust, and Newport Pacific Trust Co. Ltd. None of the named organizations ever entered an appearance and default judgments were entered against all of them on October 5, 2007. The district court determined none of these organizations had any legal interest in the properties at issue in this case. These organizations are not parties to this appeal.

Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's decision.

## Background

After Rice failed to file federal income tax returns in 1995 and 1996, the government pursued tax delinquency proceedings against her. In 2007, the United States filed an action in district court to reduce the federal tax assessments against Rice to judgment and to foreclose the federal tax liens on Rice's residence, interest in mineral rights, interest in unimproved land, and personal automobile. In response, Rice filed several motions, including a motion to quash service of process and a motion to dismiss.[2] After briefing on the issues, a magistrate judge issued a recommendation denying Rice's motions.[3]

---

[2] In her motions, Rice recited the litany of what the court deemed typical tax protester arguments. She contended the district court lacked personal and subject matter jurisdiction, venue was improper, process was insufficient, the complaint failed to state a claim, and the United States lacked standing to sue. In the time period before the district court ruled on her initial motion, Rice also filed a number of supplemental and amended motions, each incorporating identical or virtually identical arguments challenging the authority of the United States to collect taxes from her and challenging the authority of the courts to hear the case.

[3] The magistrate judge found Rice's arguments had been rejected in "countless cases" and were "frivolous and without merit"  R., Vol. I, at 75 (quotation omitted).

The district court held a hearing to consider the motions. Rice, however, did not attend this hearing.[4] Two weeks later, the district court issued an order adopting the magistrate judge's recommendation and denied Rice's Rule 12 motions. In particular, the district court held the government had properly served Rice, venue was proper, and the government had standing and authority to collect Rice's taxes.

Although Rice filed several motions with the district court to vacate its order denying her Rule 12 motions, she never filed an answer or any other Rule 12 responsive pleading. Almost eight months later the district court entered default against Rice. Again, rather than file an answer, she moved to set aside the entry of default.[5]

The district court subsequently held a hearing where Rice once again raised the same arguments as before, including that the court lacked jurisdiction over her, her property, the tax claims, and further, that it was incapable of impartiality. The court inquired into whether she could present some valid defense to the foreclosure action if given more time. Rice responded that she had nothing

---

[4] Rice later filed a notice with the district court indicating she had been absent from the hearing due to emergency surgery. She also filed a motion to vacate and set aside the order denying her motions, a motion to reconsider the denial, and a motion to reschedule the hearing.

[5] The government even pointed out in its opposition to Rice's motion to vacate the entry of default that Rice merely needed to file an answer or other Rule 12 responsive pleading.

further to present and stated: "I thought . . . that what I have would speak for itself. . . . And . . . the papers speak for themselves, I believe." R., Vol. II, at 16. After some additional colloquy and an opportunity for Rice to consult with counsel, the court held her arguments were "without any merit whatsoever, in fact or in law." *Id.* at 25. As a result the court denied Rice's motion to set aside default and entered an order of default.[6]

Rice filed this timely appeal and argues the district court abused its discretion in entering both the default against her for failing to answer the complaint and, ultimately, the default judgment against her.

## Discussion

Because Rice proceeds pro se, we review her pleadings and filings liberally. *Lewis v. Comm'r of Internal Review*, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008). But pro se parties must nevertheless "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation omitted).

Because a district court's decision to enter default judgment is committed to its sound discretion, our review is for an abuse of discretion. *Olcott v. Del. Food Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). Therefore, "[w]e will not

---

[6] Rice then filed a petition for writ of prohibition in this court, arguing she had shown good cause for failing to appear at the June 4, 2007 hearing and the district court therefore abused its discretion in failing to set aside default. We denied the writ because it could not serve as a substitute for a direct appeal. *In re Rice*, No. 08-8021 (10th Cir. Apr. 2, 2008).

disturb the court's decision without a clear showing that the decision was based on a clearly erroneous factual finding or that it manifests a clear error of judgment." *Id.* To the extent Rice argues the district court erred in failing to set aside its entry of default against her, we have recognized the "good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

Because Rice has never filed a responsive pleading as required pursuant to Rule 12 and has never given an adequate reason for failing to do so, we see no reason to set aside the district court's entry of default. Rule 12(a)(1)(A) required Rice to serve an answer "within 20 days of being served with the summons and complaint." However, if she filed a Rule 12 motion, she had 10 days after denial of the motion to file a responsive pleading. Fed. R. Civ. P. 12(a)(4)(A).

Here, the district court entered an order denying all of Rice's pertinent Rule 12 motions on June 18, 2007. In the time period leading up to the district court's entry of default on December 4, 2007, Rice never gave a reason for failing to file an answer or other responsive pleading as required under Rule 12(a)(4)(A).[7] Even

---

[7] Rice argues that she was waiting for the court to respond to her motions to vacate the entry of default and other non-Rule 12 motions. This, however, is not "good cause" since Rule 12 does not explicitly recognize any such motions as tolling the applicable time period for filing a responsive pleading. *See* Fed. R.
(continued...)

when given an opportunity by the district court at a hearing in early 2008, she stated she had nothing further to add or present to the court.  We therefore conclude Rice has not shown "good cause" for her failure to file an answer and the district court did not abuse its discretion in declining her request for an out of time filing.

For similar reasons, Rice's argument that the district court erred in entering default judgment against her on the government's foreclosure and tax assessment claims fails.  We have recognized that in addition to the factors under Rule 60(b), a movant "must have a meritorious defense as well as a good reason to set aside the default [judgment]." *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).  Here, even though Rice had multiple opportunities to present a viable defense to the claims, she has persisted in pursuing contentions universally rejected by this and other courts.  *See, e.g.*, *United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir. 2007) (rejecting the "hackneyed tax protester refrain"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation.  In the face of this uniform authority, it defies credulity to argue that the district court lacked

---

[7](...continued)
Civ. P. 12.

jurisdiction to adjudicate the government's case . . . ." (citations omitted));
*Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting typical tax protester arguments as "completely lacking in legal merit and patently frivolous").

Throughout the proceedings in district court as well as in this appeal, Rice has failed to present any cognizable defenses. Consequently, the district court was within its discretion in entering default judgment against Rice.

## Conclusion

For the foregoing reasons, we AFFIRM the district court's order entering default judgment.

PER CURIAM

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker          October 06, 2008         Douglas E. Cressler
Clerk of Court                                                                            Chief Deputy Clerk

Ms. Jane Joyce Rice
9 Pleasant Valley Lane
Sheridan, WY 82801

**RE:**     **08-8029, United States v. Rice, et al**
           Dist/Ag docket: 2:07-CV-00019-CAB

Dear Appellant and Counsel:

Enclosed is a copy of the order and judgment.

Please contact this office if you have questions.

                                                          Sincerely,

                                                          Elisabeth A. Shumaker
                                                          Clerk of the Court

cc:      John A. Nolet
            Andrea R. Tebbets

EAS/at

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

November 28, 2008

Douglas E. Cressler
Chief Deputy Clerk

Mr. Stephan Harris, Clerk
United States District Court for the District of Wyoming
Office of the Clerk
2120 Capitol Avenue, Room 2141
Cheyenne, WY 82001-0000

**RE:**     **08-8029, United States v. Rice, et al**
Dist/Ag docket: 2:07-CV-00019-CAB

Dear Clerk:

Please be advised that the mandate for this case has issued today. Please file accordingly in the records of your court.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:     John A. Nolet
Andrea R. Tebbets
Jane Joyce Rice

EAS/kf